G. Egbert Wither, J.
In this negligence action plaintiff has put in issue the matter of his alleged loss of earnings for some months after April 2, 1960. In his bill of particulars he states that his average weekly earnings for the year preceding the accident amounted to $150; and he claims loss of earnings in the sum of $1,110. He also states that at the time of the accident and for three months prior thereto he was employed by Bay Construction Co. of which he was an officer; and that for the calendar year 1959 he was employed by a different construction company and earned $5,845.16.
Defendants have moved for an order granting them discovery and inspection of plaintiff’s Federal income tax returns for the years 1959 and 1960. They assert that on the examination before trial of plaintiff he testified that he was self-employed, that Bay Construction Company was not really a construction company and hired no one except plaintiff. They contend that special circumstances exist here which entitle them to inspect the said tax returns.
Plaintiff swears that he has kept no copy of his said income tax returns. He contends that defendants should not require him to supply their defense; that if they want his income tax returns, they should get them as best they can, or serve a subpoena duces tecum for their production at the trial.
In cases where the production of income tax returns is material and necessary for the prosecution of an action our courts have ordered discovery and inspection thereof. (Yocum v. Davis, Inc., 10 A D 2d 597; June v. George G. Peterson Co., 155 F. 2d 963, 967; and see Conway v. Hewitt, 7 A D 2d 931, and Rosenkranze v. Fasano, 202 N. Y. S. 2d 577.) In many cases it has been held that a defendant in a negligence action has a right to discovery and inspection of plaintiff’s Federal income tax returns, where plaintiff has put in issue the matter of loss of earnings. (Currier v. Allied N. H. Gas Co., 101 N. H. 205, 207; Kingsley v. Delaware Lackawanna & Western R. R. Co., 20 F. R. D. 156; Mandell v. Yellow Cab Co. of Cleveland, 13 Ohio Opns. 2d 199; Star v. Rogalny, 22 F. R. D. 256; Bush v. Chicago, Burlington & Quincy R. R. Co., 22 F. R. D. 188; Tollefsen v. Phillips, 16 F. R. D. 348; Reeves v. Pennsylvania R. Co., 80 F. Supp. 107 [U. S. Dist. Ct., Delaware]; The Sultana, 77 F. Supp. 287 [U. S. Dist. Ct., W. D. N. Y.].)
Of course, the courts should be careful in a matter of this sort not to permit improper or burdensome demands to be *410 made. The ease at har comes within the scope of the above decisions. It appears that the defendants cannot rely upon the production of the income tax returns through subpoena duces tecum; and under the circumstances in this case their use upon the trial appears material and necessary. The court, therefore, exercises its discretion to grant to the defendants the requested order for discovery and inspection of plaintiff’s 1959 and 1960 income tax returns.
The order may provide that if plaintiff does not have copies of such returns, he shall execute an appropriate authorization to the United States Internal Revenue Service to send a certified copy of each of said tax returns to defendants’ attorneys or certify that no such return was made by plaintiff. Such authorization to plaintiff shall be delivered to defendants’ attorneys who shall defray any expense in connection with obtaining said copies.