Lawrence H. Cooke, J.
Defendants move for an order *1 directing plaintiffs to answer questions presented to them and to submit to further questioning with respect to the production of the United States and New York State Income Tax returns for the years 1959 and 1960, and to produce said United States and New York State Income Tax returns for the years 1959 and 1960.” It appears that the attorneys for defendants (then therein identified as attorneys for defendant Wimberly) served a notice of examination before trial upon the attorney for plaintiffs, said notice, among other things, asking for the production of Federal and State income tax returns for the years 1959 and 1960. There is nothing from which it might appear that an applimation was made to vacate or modify said notice. Plaintiff Edward R. Sacks was examined and, on advice of counsel, refused to answer questions as to his salary as reported in his 1959 and 1960 tax returns.
It further appears that this matter arises out of an automobile collision which took place on August 26, 1961, that plaintiff Edward R. Sachs claims loss of earnings, that on examination said plaintiff testified in substance that he is president of the corporation which paid him a salary prior to and subsequent to the accident in question and that it was his responsibility to prepare the payroll book for said corporation.
Under the circumstances shown herein, it seems proper to grant the application in regard to the plaintiff Edward R. Sachs. (See Elmer v. Byrd, 32 Misc 2d 408, affd. 16 A D 2d 744 and cases cited therein; also Schacht v. Schacht, 58 N. Y. S. 2d 54, 62; see, also, McCullough v. Auditore, 215 App. Div. 89.)