G. Robert Witmer, J.
This is a negligence action arising from an accident of November 13, 1959. Plaintiff claims loss of earnings. Defendant has moved for discovery and inspection of plaintiff’s Federal and State income tax returns for the years 1955 through 1959.
It appears that, in response to defendant’s demand for a bill of particulars of his earnings prior to the accident, plaintiff has stated to defendant that at the time of the accident he was employed as a laborer byB. Oney Construction Co. of Shortsville, *800 New York, and was earning between $140 and $150 weekly. It also appears that defendant has had an examination before trial of the plaintiff, upon which plaintiff testified concerning his employment prior to the accident. It does not appear that plaintiff claims to have been self-employed at any recent time prior to the accident, nor that defendant cannot obtain confirmation of plaintiff’s earnings from the employer or employers for whom plaintiff worked prior to the accident.
Without doubt, in a proper case a defendant may have discovery and inspection of plaintiff’s income tax returns in a negligence action. (Elmer v. Byrd, 32 Misc 2d 408, affd. 16 A D 2d 744.) As noted in Elmer v. Byrd (supra) and cases cited therein, this remedy should not be granted indiscriminately so as to become unduly burdensome. Where the defendant has access to the necessary information, and falsification of earnings of the plaintiff is not feasible nor suggested, discovery and inspection of income tax returns should not be ordered.
Since defendant has not shown that he cannot secure from plaintiff’s employers confirmation of plaintiff’s claimed earnings for the years 1955 through 1959, no special reason appears for ordering discovery and inspection of his income tax returns for those years; and the motion is, therefore, denied.