Joe Frank **MARTIN**, Appellant,

v.

Teddy **JENKINS** et al., Appellees.

No. 7374.

Court of Civil Appeals of Texas.

Amarillo.

June 22, 1964.

Rehearing Denied July 20, 1964.

Huff & Bowers, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

DENTON, Chief Justice.

This is a personal injury case. Joe Frank Martin sued Teddy Jenkins and Modern Chevrolet Company for personal injuries sustained when he was struck by an automobile driven by Jenkins. The incident occurred some three miles outside the city limits of Lubbock at approximately ten o'clock p. m. on May 20, 1962. Upon the granting of Modern Chevrolet Company's motion for summary judgment, the trial court submitted the case against Jenkins to the jury on thirty-one special issues. All special issues were answered adversely to the plaintiff and in favor of the defendant, and upon the verdict judgment was rendered that the plaintiff take nothing.

Martin was the manager and operator of the Lasso Club located three miles south of Lubbock on U.S. Highway 87. Some fifteen minutes prior to the accident Martin had asked three or four of his patrons to leave the premises after they had engaged in an argument. About five minutes after the men had been requested to leave, Martin observed two of them fighting across the highway in an open field. Upon observing

the fight, Martin testified he began to walk toward the men. In the meantime, Charles Maynard, the club's assistant manager, had gone to the fight in an effort to stop it. After Maynard had apparently stopped the fight, Buddy Mote, one of the participants, began walking across the highway toward Martin and the club. The testimony is conflicting as to whether or not Martin and Mote fought or scuffled, but they had come within arms length of each other. When they were in this close proximity with each other they were both struck by the Jenkins' car. Testimony as to distances varied, but it was generally conceded Mote's body was thrown 135 to 200 feet and Martin 25 to 50 feet. Mote died shortly thereafter, and Martin was severely injured. The most hotly contested issue of the case was the location of the plaintiff when he was struck. Plaintiff contends he was from four to eight feet off the east edge of the highway while the defendant contends he was on the highway itself.

In response to the special issues the jury exonerated defendant Jenkins of all negligence. The jury further found that the plaintiff failed to keep a proper lookout; that he was on the paved portion of the highway immediately before the accident in question; that he failed to yield the right-of-way to the Jenkins' automobile; that Jenkins was faced with a sudden emergency and that he acted as an ordinarily prudent person under the same or similar circumstances; that the plaintiff moved into the path of the Jenkins' automobile; that each of such acts was negligence and a proximate cause of the accident; that the action of Mote did not constitute the sole proximate cause of the accident; and that the plaintiff suffered no damages.

Appellant's first point of error contends the trial court erred in charging the jury: "You are instructed that under Article 6687b, Section 42 of the Texas statutes, accident reports in the possession of the Department of Public Safety are confidential and may not be produced for introduction in evidence." This special instruction was given at appellee's request when reference was made to the patrolman's report by appellant's attorney. Patrolman Melton, the investigating officer, was called as a witness by the defendant below. He testified to various physical facts he found after being summoned to the scene. No reference to his written report was made in his direct examination, but plaintiff's attorney inquired of it on cross-examination and asked that a copy of such report be brought into court the following day. Melton's superior officer refused this request, thus the report was not offered into evidence. The instruction arose out of a discussion of the attorneys in the presence of the jury relative to the availability of the report. Melton placed the point of the impact by testifying he saw blood in the right-hand lane of the highway. It is apparent plaintiff's purpose in securing the report was to determine if the report had contained this observation. The officer was asked this question but he couldn't recall if it did, but continued, "Well, I don't always put everything down on paper, sir." Appellant relies on Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339, for the proposition that an officer's accident report is not a privileged communication under Section 42 of Article 6687b. The Supreme Court did so hold, but the court's reasoning was based on the fact the privileged character placed on accident reports by Section 42 referred to such reports required to be filed by "every person involved", that is, by every party to the accident under Section 39, and did not extend to reports required to be filed by investigating officers called for in Section 40. Although the Supreme Court in Haddad did hold the patrolman's report was not privileged under the sections of 6687b, the court further held "obviously, Roensch's report, as such, is a hearsay statement and should be excluded at another trial, if objected to on that ground except such parts thereof only as may tend to impeach any direct evidence given by Roensch."

Since the decision in Haddad in 1944 the Legislature enacted Article 6701d in 1947 which is referred to as the "Uniform Act Regulating Traffic on Highways". Section 47 of that act provides:

"Sec. 47. All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other State agencies having use for the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident."

It is thus apparent the special instruction given by the trial court was erroneous in that it referred to Section 42 of Article 6687b rather than Section 47 of Article 6701d. We are of the opinion it is the clear intention of Section 47 of Article 6701d to clothe peace officers' accident reports as privileged communications along with those required of "garages" and "persons involved in accidents". Section 47 of Article 6701d extends the very same qualifications to the blanket privilege of such reports as does Section 42 of Article 6687b, to-wit: (1) The department may disclose the identity of a person involved in an accident when such identity is not otherwise known; and (2) Or the department may disclose the identity of a person involved in an accident when such person denies his presence as at such accident. We cannot say the special instruction constituted reversible error. The patrolman was fully cross-examined on this matter, and in view of the applicable statute set out above and the corroborating testimony presented we overrule appellant's first point of error.

■ Pursuant to the provisions of Rule 167, Texas Rules of Civil Procedure, the defendant requested the trial court to require plaintiff to produce copies of his income tax returns for the years 1958–1961.

This request was granted and defendant's counsel was allowed to inspect such returns. The controversy here arises over the 1960 return. It shows plaintiff's occupation to be a "retail liquor dealer (in a dry county)." The trial court determined this information was not material and relevant to the cause and excluded it from the jury. Appellant contends the trial court should have sustained his motion for a mistrial when appellee's counsel's questions implied some unlawful occupation on the part of the plaintiff. The fact plaintiff and other witnesses were questioned about his inventories, gross profits, automobile repairs, and not having a place of business does not, in our view, imply illegal activities. His previous earnings were relevant and material to determine his earning capacity. There is nothing in this record to indicate prior illegal activities of the plaintiff were conveyed to the jury. We conclude no harm is shown.

■ The trial court did not abuse his discretion in ordering the income tax returns delivered over to it. In our opinion, the court complied with the standards in such cases that were handed down by our Supreme Court in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434; Maresca v. Marks, Tex., 362 S.W.2d 299. In the instant case plaintiff's income tax reports were subject to discovery in that they were relevant to the issue of his prior earning capacity and loss of earnings. These were material issues in the case. The trial court limited the information to be brought before the jury to those relevant and material portions. It is evident the careful trial judge followed the correct procedure in passing on the discovery motion.

■ Appellant next complains that the trial court erred in its special instruction relative to requirements of Jenkins' headlights. The instruction complained of read:

"You are instructed that as a part of the law of this case that from one-half hour after sunset to one-half hour before sunrise a vehicle shall be equipped with lighted headlights which, upon a

straight, level and unlighted highway under normal atmospheric conditions, shall reveal persons and vehicles at a distance of at least 350 feet on high beam and 100 feet ahead on low bean, and that on low beam none of the high intensity portion of the beam shall be so directed as to strike the eyes of an approaching driver."

By trial amendment plaintiff pleaded the following additional acts of negligence on the part of the defendant Jenkins:

"1. In failing to have his headlights turned on bright enought to afford him sufficient visibility at the time and on the occasion in question.

"2. In travelling at a rate of speed such that he could not stop within the visible range of his headlight beam.

"3. In driving on the highway with his headlights turned on dim.

"4. In failing to have his headlights sufficiently bright to illuminate the highway for the distance within which he could stop his car."

The court submitted special issues in the language of allegation number four, to-wit: Did the defendant fail to have his headlights sufficiently bright to illuminate the highway for the distance within which he could stop his car? The jury answered in the negative. Appellant takes the position the statutory instruction was in conflict with the common-law duty as pleaded and submitted. In view of the record, it seems the instruction as given required a lesser burden upon appellant than the so-called common-law duty pleaded and submitted. The instruction given was in accordance with Section 126, Article 6701d, V.A.C.S. In our opinion, the instruction was not erroneous, but if it can be said to be error, it was harmless since appellant was found to be guilty of four acts of contributory negligence which proximately caused the collision. Dallas Ry. & Terminal Co. v. Orr (Tex. Civ.App.), 210 S.W.2d 863, affirmed 147 Tex. 383, 215 S.W.2d 862, and Coca-Cola

Bottling Co. v. Krueger (Tex.Civ.App.), 239 S.W.2d 669.

Appellant next contends the jury finding that defendant Jenkins' headlights were sufficiently bright to illuminate the highway for a distance within which he could stop his car was unsupported by any evidence and alternatively was against the overwhelming weight and preponderance of the evidence. In support of this contention appellant relies on Jenkins' own testimony that he was proceeding 45 or 50 miles per hour just prior to the impact and that he did not see the plaintiff until he was some 12 feet away. However, there is other testimony in this record which we consider to be in support of the jury finding. Jenkins' lights were on dim and he testified he could see 75 or 80 feet. He was driving a small Chevrolet Corvair, and there was testimony he could stop it within the distance of 80 feet at his speed. There is no evidence Jenkins was not keeping a proper lookout and the jury so found. There was evidence that plaintiff and Mote moved into the path of Jenkins' car. Jenkins offered this as an explanation as to why he did not see them sooner when he testified: "Well, they weren't out there at that time is the reason my beam didn't hit them because I was looking straight down the highway, sir." We are of the opinion the evidence amply supports the jury finding complained of.

Appellant contends there was no evidence and insufficient evidence to locate the point of impact to be on the paved portion of the highway. The jury found the plaintiff was on the paved portion of the highway immediately before the incident in question and that he failed to yield the right-of-way to defendant's automobile, and that each act was negligence and a proximate cause of the accident. As previously stated, the most strenuously contested issue of the case was the point of impact. There was testimony from witnesses who were at or near the scene who testified the plaintiff was struck when he was from 3–10 feet off

the pavement. Other witnesses in the same proximity to the scene placed the point of impact on the paved portion of the highway and in the lane of traffic of Jenkins' automobile. The jury resolved this marked discrepancy by finding the impact to have been on the highway. In reviewing the record we may not substitute our judgment for that of the jury. To disturb such jury finding it must be so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. West v. Carpenter (Tex.Civ.App.), 366 S.W.2d 826; Continental Bus System, Inc. v. Biggers (Tex. Civ.App.), 322 S.W.2d 1 (Refused, NRE); Dyer v. Sterett (Tex.Civ.App.), 248 S.W.2d 234. Appellate courts are without authority to set aside jury verdicts particularly on questions of proximate cause in damage suits upon conflicting facts—the undisputed facts must be ample and clear and the circumstances must be exceptional to justify such action. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. There are no undisputed facts in this record relative to the point at which the plaintiff was struck. We conclude there was evidence to support the jury finding the point of the impact was on the paved portion of the highway.

■■■ By appellant's points of error eight and twenty it is contended the jury's bias and prejudices were evidenced by its finding appellant sustained no damages. In view of the jury acquitting the defendant Jenkins of any act of negligence proximately causing the collision, and the findings that plaintiff was negligent in failing to keep a proper lookout; in being on the paved portion of the highway; in failing to yield the right-of-way to defendant's automobile; that plaintiff moved himself into the path of the automobile; and that each of such negligent acts was a proximate cause of the collision renders the damage issue immaterial. These jury findings, supported by the evidence, required the rendition of a judgment in favor of the defendant below regardless of the extent of the in-juries suffered by the plaintiff. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334. While a jury's finding of no damages, when the undisputed evidence shows substantial personal injuries and large medical and hospital expenses, may be cause for suspicion that the answer was induced by bias and prejudice, bias and prejudice may not be presumed when the jury's finding which acquitted the defendant of negligence and found the plaintiff contributorily negligent, is supported by substantial evidence. Southern Pine Lumber Co. v. Andrade, Supra; Dunn v. Sears Roebuck & Co. (Tex.Civ.App.), 371 S.W.2d 731, (Refused, NRE); Dillon v. Moore (Tex.Civ. App.), 367 S.W.2d 70; Sfair v. Adair (Tex. Civ.App.), 223 S.W.2d 648 (Error Refused).

■■■ Appellant's next six points of error complain of the trial court's refusal to submit six requested special issues. The requested special issues inquired whether Jenkins failed to keep his automobile under proper control; whether he failed to apply his brakes in time to avoid the collision; whether he failed to turn to the left in time to avoid the collision; whether he failed to have his headlights turned on bright enough to afford him sufficient visibility; if he was travelling at a rate of speed such as he could not stop within the range of his headlights; and was Jenkins driving with his headlights on dim. It is well settled that the trial court is required only to submit the controlling issues raised by the evidence. Rule 279, T.R.C.P. We are of the opinion and so hold the trial court properly refused to submit appellant's requested issues. The court properly submitted the controlling issues raised by the pleadings and evidence. The requested issues were simply different phases or shades of the issues submitted. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Myers v. Cliff Hyde Flying Service, Inc. (Tex.Civ.App.), 325 S.W.2d 841; English v. Hegi (Tex.Civ.App.), 337 S.W.2d 860.

■■■ The trial court used the term "accident" in a number of the defensive issues

submitted to the jury. Appellant contends this amounted to a comment on the weight of the evidence and carried the connotation the happening was brought about through no fault of anyone connected with the incident. Appellant has cited no case in support of this contention. Judge Smedley in Beaumont, S. L. & W. Ry. Co. v. Schmidt, 123 Tex. 580, 72 S.W.2d 899, held:

"While the word 'accident' is often used in the law of negligence as meaning the happening of an event without fault or neglect on the part of any one, in its ordinary meaning it does not negative the idea of negligence on the part of the person whose act brought about the event."

It is to be noted the issue of "unavoidable accident" was not pleaded nor submitted. Thus, there could be no confusion on the part of the jury with the two terms. Although we do not recommend the use of the term "accident" in reference to negligence issues, we see no harm in its use under the circumstances of this case.

By the seventeenth point of error appellant contends the trial court erred by inquiring into the acts of Jenkins after his discovery of the plaintiff when inquiries should have been when in the exercise of ordinary care the defendant should have discovered plaintiff. The two special issues complained of inquire if Jenkins discovered the presence of the plaintiff in time to have avoided the accident by applying his brakes and by turning his vehicle to the left. In special issue number one the jury had found Jenkins had not failed to keep a proper lookout. The lookout issue was submitted under the usual and approved definition. Thus, the supported finding that the defendant did not fail to keep a proper lookout has the effect of submitting the element of discovery. It is improper to submit various phases of one ultimate issue. Texas & Pac. Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280.

Special issue seventeen inquired if the plaintiff was on the paved portion of the highway immediately before the accident in question. Special issue twenty-six inquired if the plaintiff walked or moved himself into the path of defendant's automobile. Appellant contends these two issues and their corollary issues are a shade or phase of the same controlling issue. This contention is obviously correct, but it presents no reversible error. In the instant case all issues relating to the negligence of the defendant Jenkins were answered in his favor, therefore, any error in the manner of submitting issues as to contributory negligence of the plaintiff are immaterial. Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.,N.S., 672; Brown & Root, Inc. v. Haddad, Supra; Patterson v. East Texas Motor Freight Lines (Tex.Civ.App.), 349 S.W.2d 634 (Refused NRE).

Appellant's last point to be discussed complains of the trial court granting the motion for summary judgment of Modern Chevrolet Company. The plaintiff named Modern Chevrolet Company as a defendant along with Jenkins, and alleged Jenkins was in the course and scope of his employment of Modern Chevrolet Company at the time of the collision. Modern Chevrolet Company denied Jenkins was acting in the scope of his employment but was on a purely personal mission. An affidavit by Jenkins confirmed this allegation. The collision occurred on a Sunday evening at the time Jenkins and his family were returning to their Lubbock home from Lamesa where they had attended a baccalaureate service. Jenkins' affidavit further stated he had transacted no business for his employer while in Lamesa, and that the trip was "strictly for personal reasons". It is elementary that before an employer can be held liable for the acts of an employee it must be shown the latter was the agent of the employer and was acting within the scope of his employment in doing what he did. Moreland v. Leslie, 140 Tex. 170, 166 S.W. 2d 902; J. C. Penney Co. v. Oberpriller, 141 Tex. 128, 170 S.W.2d 607. The allegations in Modern's motion for summary judgment and the contents of Jenkins' affidavit are

uncontradicted. Unquestionably Jenkins was not acting within the scope of his employment at the time in question. There being no fact issue raised as to this contention the trial court correctly granted the summary judgment as to Modern Chevrolet Company.

One of appellant's points of error was not briefed and the point dealing with continued leading questions propounded by counsel for appellee is without merit. We do not deem it advisable to further lengthen this opinion by discussing the point.

Having carefully considered this voluminous record and all points of error urged by appellant, we conclude they present no reversible error.

The judgment of the trial court is affirmed.