261 A.2d 283.

ARTHUR NOVOGROSKI *vs.* WALTER O'BRIEN.

JANUARY 26, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for a writ of certiorari which seeks to review and to quash an order of a Superior Court justice requiring the petitioner, the plaintiff in a civil action for negligence, to produce certified copies of the petitioner's income tax returns as requested by the defendant pursuant to Rule 34(a) of the Superior Court Rules of Civil Pro-

cedure.[1] We issued the writ and in accordance with its mandate the pertinent papers were certified to this court for our examination.

It appears therefrom that petitioner, an attorney engaged in the private practice of law in this state and also employed as an officer of two Rhode Island corporations, was injured in a motor vehicle accident on December 16, 1963. As a result thereof, he commenced a civil action against respondent O'Brien seeking to recover damages for personal injuries and for loss of earnings, past and future, as a practicing attorney. The respondent O'Brien, as defendant in said civil action, filed a motion under then Rule 34(a) of the Superior Court Rules of Civil Procedure calling on petitioner to produce several documents, among which were included certified copies of the latter's income tax returns for the years 1963 through 1966 inclusive.

Under the then prevailing practice, said motion came on to be heard before a Superior Court justice, at which time petitioner objected to that portion of the motion which, if granted, would require him to produce the requested income tax returns in their entirety. He contended before the Superior Court justice, as he does here on certiorari, that since his claim in the civil action, insofar as income tax returns might be relevant, was for loss of earnings, it would be an unjustifiable invasion of privacy to require him to

---

[1]The motion to produce under Rule 34 (a) was granted by the Superior Court justice on November 12. 1968, at which time the Rule required the movant to show "good cause." However. Rule 34 was amended as of March 10. 1969 and the requirement of "good cause" deleted, but as amended, Rule 34 is construed to require a showing of relevancy. See 1 Kent *R. I. Civ. Prac.*, §34.3. at 281 thru 283, for an in-depth discussion and explanation of the purpose sought to be achieved by the amendment.

Since in any situation where the rule as amended would be applicable on remand, our judgment in this case is reached in accordance with Rule 34, as amended, which rule is appended to this opinion.

produce anything other than W-2 forms and Schedule C of his income tax returns for the years in question.

Contributions to charities, income from investments and the like, as well as the fact that his returns had been made jointly with his wife, were matters as to which, petitioner argued, the movant, as defendant in the civil action, could not establish "good cause" for disclosure as required by the rule.

Notwithstanding the objection thus raised by petitioner, the Superior Court justice, before whom the motion was heard, entered an order requiring petitioner to produce certified copies of the complete tax returns requested. It is our considered judgment that the order entered is too broad and should be quashed to the extent necessary.

While the rule providing for production of documents should be liberally construed as respondent points out, citing *June* v. *Geo. Peterson Co.,* (Ill.) 155 F.2d 963, it is clearly evident that liberality of construction in the context of this case which results in providing a movant with information which is nowise essential to a just determination of the cause in which the motion is made is an unwarranted invasion of the privacy of the party upon whom the motion to produce has been served. Indeed, in *June* v. *Geo. Peterson Co., supra,* upon which respondent relies heavily, the court was careful to stress that Federal Rule 34, upon which Superior Court Rules of Civil Procedure are patented, should be liberally rather than narrowly construed "If the documents called for are reasonably probable to be material in the case * * *."

While there conceivably could be circumstances in which complete income tax returns would have materiality and, in such cases, an order to produce tax returns in their entirety would be proper, the burden in the instant case was on respondent to show such materiality. There is nothing in the record that so much as indicates a necessity for peti-

tioner to produce anything other than the W-2 forms and Schedule C of his income tax returns for the years in question.

Acknowledging that it is almost universally conceded that the deleting of "good cause" in favor of a test of relevancy was designed to broaden the discovery process, respondent takes nothing thereby. In *Moretta* v. *Moretta*, 100 R. I. 220, 213 A.2d 808, this court held that it was error for a Superior Court justice to order the production of income tax returns where there was no showing that such returns would be relevant to the issues raised in the litigation. There, the motion and resulting order to produce were predicated on then G. L. 1956, §9-19-23, precursor to Superior Court Rule 34(a) as originally adopted, and said section contained no requirement of "good cause." Nevertheless, we construed it, as we now construe Superior Court Rule 34, as amended, as not warranting an order to produce documents, absent a showing that the information sought had some materiality or relevance to the issue to which the motion was addressed.

Here, the petitioner's claim is for loss of earnings, and, to the extent that his income tax returns for the pertinent years were material to the respondent's defense, all of the information required by the latter is contained in the W-2 statements of the two corporations by which the petitioner was employed and Schedule C of his income tax returns, which schedule relates to the earnings of one self-employed.

The petition for certiorari is granted, the Superior Court order to produce is quashed to the extent that it is inconsistent with this opinion, and the papers in the case are ordered returned to the Superior Court with our decision endorsed thereon.

## APPENDIX

Rule 34. Production of Documents and Things and Entry upon Land for Inspection for Other Purposes

(a) Scope. Subject to the provisions of Rule 30(b), any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and any other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible thing which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

The party upon whom the request is served shall be obligated to comply therewith unless within 20 days after service thereof, or within such shorter or longer time as the court may allow, he serves upon the requesting party an objection to the request, specifying the portion of the request objected to and the grounds of objection. Portions of the request not objected to shall be complied with. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to the request or

other failure to permit inspection as requested. (As amended, effective March 10, 1969).

*Coffey, Ward, McGovern and Novogroski, Charles J. McGovern,* for petitioner.

*D. A. St. Angelo,* for respondent.