OPINION OF THE COURT
Edward H. Lehner, J.
Plaintiff’s motion for reargument is granted and, upon reargument, the court modifies its original decision in the manner set forth below.
This is a negligence action for personal injuries in which plaintiff has placed his income in issue by claiming loss of earnings as an element of damages. The issue to be determined is whether defendant is entitled to discovery and inspection of plaintiff’s income tax returns where plaintiff is not a self-employed individual, but rather a wage earner employed by a close corporation bearing his surname.
While disclosure of tax returns is generally not favored (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10; Glenmark Inc. v Carity, 22 AD2d 680 [1st Dept 1964]), when loss of earnings is claimed, special circumstances may require their production, as when alternative sources of information about plaintiff’s income are “unreliable, lacking or overly burdensome”. (Berger v Fete Cab Corp., 57 AD2d 784 [1st Dept 1977].)
Where a self-employed person claims loss of earnings as a result of an accident, a defendant is entitled to the production of the claimant’s income tax returns. (Lane v D’Angelos, 108 AD2d 727 [2d Dept 1985]; Gilligan v Lepone, 31 AD2d 630 [2d Dept 1968]; Ortiz v Mary Immaculate Hosp., 48 AD2d 704 [2d Dept 1975]; Coleman v Meyers, 29 AD2d 727 [3d Dept 1968].) The same rule has been applied where plaintiff, ostensibly employed by a corporation, was its sole employee and officer (Elmer v Byrd, 32 Misc 2d 408 [Sup Ct, Monroe County 1961], affd 16 *673 AD2d 744 [4th Dept 1962]), or was the corporate officer responsible for preparing the payroll records. (Sachs v Stripling, 36 Misc 2d 813 [Sup Ct, Albany County 1962, Cooke, J.].) This rule is based upon the obvious reasoning that such plaintiffs’ employment records may be unreliable since there exists in each instance a clear opportunity to falsify.
Here plaintiff’s counsel has conceded in his reply affirmation that plaintiff’s employer is a “family” corporation. The same opportunity to falsify employment records exists in this situation as in the case of a self-employed individual. Therefore, defendant should be entitled to the production of the returns.
In accordance with the recent decision of the Appellate Division, Second Department, in Lane v D’Angelos (supra), the court modifies its prior decision to require plaintiff to produce the requested returns at Special Term, Part I, of this court on April 23, 1985, at 9:30 a.m., said inspection to be supervised by the justice thereat presiding who may redact therefrom all matter which is unrelated to the claim for lost earnings arising from the alleged accident.