Donald F. KONLE and Antoinette Konle, Plaintiffs-Respondents,

WISCONSIN PHYSICIANS SERVICE INS. CORP., a Wisconsin insurance corporation, Involuntary-Plaintiff,

v.

Donald G. PAGE, and Society Insurance, a mutual company, f/k/a Threshermens Mutual Insurance Company, Defendants-Appellants, †

Charles M. HALL, Jeannette Hall, and General Casualty Company of Wisconsin, Defendants.

Court of Appeals

No. 96–0397. Submitted on briefs June 13, 1996.—Decided October 2, 1996.

(Also reported in 556 N.W.2d 380.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Donald H. Carlson* and *Mary E. Nelson* of *Crivello, Carlson, Mentkowski & Steeves, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Lynn R. Laufenberg* of *Cannon & Dunphy, S.C.* of Brookfield.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Donald G. Page appeals from a nonfinal discovery order in Donald F. Konle's personal injury action against Page and his insurer.[1] Page contends that the trial court erred by refusing to order the production of Konle's complete income tax returns for the years 1986 through 1994. Previously, Konle had provided Page with Schedule C showing his business income. However, he refused to produce the balance of the returns. Page argues that his discovery request was appropriate because Konle claimed lost earnings and loss of earning capacity.

After conducting an in camera review of Konle's complete returns, the trial court determined that, other than Schedule C, the remaining portions of the returns were not relevant to Konle's damage claims. We agree with the trial court's ruling, and we affirm the discovery order.

---

[1] We previously accepted this case on petition for leave to appeal the trial court's nonfinal discovery order.

## BACKGROUND

On November 23, 1992, Konle was a passenger in an automobile which was struck by a vehicle driven by Page. As a result, Konle, an attorney, filed this action against both Page and the operator of the vehicle in which Konle was a passenger.[2] Konle sought damages for his injuries as well as lost earnings and loss of earning capacity. In response to Page's request for information in support of Konle's earning loss claims, Konle provided Page with copies of Schedule C from his tax returns for the years 1986 through 1994, documenting his business income. However, Konle refused Page's further request for a complete copy of his tax returns for the same years.

Page filed a motion to compel Konle to produce the complete returns. Konle resisted the motion, but offered to submit the returns to the trial court for in camera review and a ruling. The trial court accepted this proposal. Following the in camera review, the court issued a written decision denying Page's motion to compel. The court wrote in relevant part:

> The court has concluded the *in camera* review of Donald Konle's tax returns for the years 1986 through 1994. The court finds that the income listed on the Schedule C's, which defendants' counsel have already been provided, represents the only earned income for the plaintiff. The court finds there is no income derived from the operation of any advertising agency. The court concludes that other sources of income (interest, dividends, etc.) are not relevant to the claim of lost earnings in this case. Other sources of income for Mr. and Mrs. Konle do

---

[2] Konle also named the drivers' insurers as additional defendants.

not make more or less probable the loss of earnings Mr. Konle is seeking.

Page appeals.

## DISCUSSION

### *Discovery of Income Tax Returns*

We review a trial court's discovery ruling under the misuse of discretion standard of review. *Van Straten v. Milwaukee Journal Newspaper-Publisher*, 151 Wis. 2d 905, 919, 447 N.W.2d 105, 111 (Ct. App. 1989), *cert. denied*, 496 U.S. 929 (1990). The burden is on Page to show that the trial court misused its discretion and we will not reverse unless such misuse is clearly shown. *See id.*

Page rests his argument on § 804.01(2)(a), STATS., and related case law. The statute provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including . . . books, documents, or other tangible things . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.*

Page also cites to case law holding that Wisconsin's discovery procedures are to be liberally applied so that the issues for trial may be narrowed, settlement promoted, and litigants fully informed about the facts which may come out at trial. *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 576, 150 N.W.2d 387, 397

393

(1967). As such, discovery should be applied in a manner which aids, not hinders, the working of the adversary system. *Id.*

Page contends that the income tax returns are information which, under the statute, "[appear] reasonably calculated to lead to the discovery of admissible evidence." *See* § 804.01(2)(a), STATS. Their production, Page contends, will promote all of the factors which support a liberal application of the discovery procedures. Page argues that the trial court's "relevancy" analysis improperly applied an evidentiary test reserved for trial during the discovery phase of these proceedings.

Given the liberal rules which apply in a discovery setting, Page's argument appears persuasive. However, Konle correctly notes that because income tax returns contain confidential and sensitive information which oftentimes will prove irrelevant to a plaintiff's claim, such materials have received special consideration in the law of discovery. No reported Wisconsin case has considered whether complete income tax returns are discoverable in a personal injury case involving a claim for lost earnings or a loss of earning capacity. We therefore look to the law of other forums for assistance.

Most courts have held that only those portions of tax returns which deal with earned income are relevant to, and discoverable in, a personal injury case.[3] Where a plaintiff asserts a loss of earnings or a

---

[3] This basic rule has been applied to cases outside the personal injury realm as well. *See McKinnon v. Smock*, 434 S.E.2d 92 (Ga. Ct. App. 1993), *aff'd*, 445 S.E.2d 526 (1994) (medical malpractice case); *Ashton v. Cherne Contracting Corp.*, 648 A.2d 1067 (Md. Ct. Spec. App. 1994) (worker's compensation case); *Hall v. Lawlis*, 907 S.W.2d 493 (Tex. 1995)

loss of earning capacity claim, the courts have concluded that discovery of the plaintiff's federal income tax returns is permitted only insofar as those returns are relevant and material to the issues of the case. *See Hawkins v. Potter*, 194 N.E.2d 672, 673 (Ill. App. Ct. 1963); *Schlatter v. Eighth Judicial Dist. Court*, 561 P.2d 1342, 1343-44 (Nev. 1977); *Currier v. Allied N.H. Gas Co.*, 137 A.2d 405, 407 (N.H. 1957); *Mandell v. Yellow Cab Co.*, 170 N.E.2d 296, 301 (Ohio Ct. Com. Pl. 1958); *Matchen v. McGahey*, 455 P.2d 52, 56 (Okla. 1969); *Novogroski v. O'Brien*, 261 A.2d 283, 285 (R.I. 1970); *Martin v. Jenkins*, 381 S.W.2d 115, 119 (Tex. Civ. App. 1964); *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962). If the tax returns contain information which is not relevant or material to the plaintiff's claims, the trial court has discretion to redact the irrelevant or immaterial portions. *See Currier*, 137 A.2d at 407; *Bauer v. Huber*, 487 N.Y.S.2d 303, 304 (N.Y. Sup. Ct. 1985); *Matchen*, 455 P.2d at 56; *Martin*, 381 S.W.2d at 119.

In the *Novogroski* case, cited above, an attorney sought both past and future loss of earnings in a personal injury action. *Novogroski*, 261 A.2d at 284. The Rhode Island Supreme Court held that while the discovery rules should be liberally construed, those rules do not warrant an order to produce tax returns absent a showing that the information sought has some materiality or relevance to the issue to which the motion is addressed. *Id.* at 285. The court conceded that there could be circumstances in which the

(wrongful termination suit); *Maresca v. Marks*, 362 S.W.2d 299 (Tex. 1962) (suit seeking profits during a period of employment); *Crane v. Tunks*, 328 S.W.2d 434 (Tex. 1959) (real estate action), *overruled on other grounds by Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992).

complete returns would have materiality and in those cases an order to produce the complete returns would be proper where the moving party shows such materiality. *Id.* However, where the plaintiff's claim was for loss of earnings, the court concluded that, to the extent that the plaintiff's returns were material to the defense of that claim, all the information required by the defendant was contained in the W-2 statements and Schedule C of the plaintiff's returns.[4] *Id.*

The *Novogroski* court was primarily concerned with the private nature of tax returns:

> [I]t is clearly evident that liberality of construction in the context of this case which results in providing a movant with information which is nowise essential to a just determination of the cause in which the motion is made is an *unwarranted invasion of the privacy* of the party upon whom the motion to produce has been served.

*Id.* (emphasis added).

The Supreme Court of Texas best summarized the balance which must be struck between protection of the plaintiff's privacy and the defendant's need for relevant information to prepare a defense:

> The protection of privacy is of fundamental—indeed, of constitutional—

---

[4] The plaintiff argued that contributions to charities, income from investments and the like were matters as to which the defendant could not establish "good cause" for disclosure of the complete returns under the discovery rules. *Novogroski v. O'Brien,* 261 A.2d 283, 284 (R.I. 1970). While the "good cause" standard was later deleted in favor of a test of relevancy as a method to broaden the discovery process, the court was still not willing to order production of the entire tax returns. *See id.* at 285.

importance. Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between litigants outweighs protection of their privacy. But sacrifice of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

It is self-evident that the maximum protection of privacy is unattainable if trial courts do not exercise their discretion to safeguard from discovery those portions of income tax returns which are irrelevant and immaterial . . . .

*Maresca*, 362 S.W.2d at 301.[5]

■

We are persuaded by the reasoning of the Rhode Island and Texas decisions. Income tax returns contain confidential and sensitive information. Taxpayers reasonably expect a zone of privacy with regard to such materials. Because tax returns will often contain

---

[5] New York has fashioned a rule which appears to support Page's position in cases involving claimants who, like Konle, are self-employed. Because such situations present the opportunity to falsify employment records and in order to accommodate the defendant's need for accurate information, New York has held that a defendant is entitled to the production of a self-employed plaintiff's complete income tax returns. *Lane v. D'Angelos*, 485 N.Y.S.2d 84, 85-86 (N.Y. App. Div. 1985). However, even under this rule, the New York courts have nonetheless recognized the authority of the trial court to conduct in camera inspection of the tax returns and to redact therefrom the matters unrelated to the claim for loss of earnings. *Bauer v. Huber*, 487 N.Y.S.2d 303, 304 (N.Y. Sup. Ct. 1985) (ordering an in camera inspection and necessary redaction of the tax returns of a wage earner employed by a close corporation bearing his surname).

material which is wholly irrelevant to the taxpayer's claim, we conclude that an in camera examination by the trial court is the best and proper procedure through which to filter such discovery demands. This procedure will require the court to balance the privacy interests of the plaintiff in that material which is irrelevant to the claim against the defendant's interest in obtaining information which legitimately might lead to admissible evidence. Although not armed with our decision, that is precisely what the trial court did in this case.[6]

## Collateral Source

Although our above holding disposes of the matter, we choose to address Konle's alternative argument that the collateral source doctrine also bars discovery of the income tax returns. We disagree.

In Wisconsin, the " 'collateral source' rule provides that a personal injury claimant's recovery is not to be reduced by the amount of compensation received from other sources, *i.e.*, sources 'collateral' to the defendant."

---

[6] Page also argues that Konle's complete tax returns are necessary to determine if there were reasons or motives other than the accident for Konle to reduce his legal practice, thus explaining the drop in his income. We find it unnecessary to address this argument since we hold that only those portions of income tax returns which are relevant to the loss of earnings claim are discoverable regardless of the purpose for which the returns are sought.

Although Page does not ask that we do so, we have reviewed the disputed returns in this case, and we state our agreement with the trial court's conclusion that those portions not revealed to Page are indeed not relevant to Konle's loss of earnings claim.

*Lambert v. Wrensch*, 135 Wis. 2d 105, 110-11 n.5, 399 N.W.2d 369, 372 (1987). "Under this rule, a plaintiff may recover the reasonable value of all items of loss, regardless of whether the plaintiff received compensation for his damages from a source other than the tortfeasor." *American Standard Ins. Co. v. Cleveland*, 124 Wis. 2d 258, 262, 369 N.W.2d 168, 171 ( Ct. App. 1985); *see also Payne v. Bilco Co.*, 54 Wis. 2d 424, 433, 195 N.W.2d 641, 647 (1972).

Konle's other sources of income, including investments and dividends, by definition, are not collateral sources. Konle did not receive this income as compensation for the damages he sustained as a result of the accident, whether from a defendant or otherwise. In other words, the other sources of income at issue are completely unrelated to the accident which is the basis of this action. Therefore, Konle's reliance on the collateral source doctrine as a means of preventing the discovery of his complete tax returns is inappropriate.

## CONCLUSION

We affirm the trial court's discovery ruling. We remand for further proceedings on Konle's claim.

*By the Court.*—Order affirmed and cause remanded.