EDITH M. LEGARE *vs.* FRANK URSO.

May 22, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J.  This petition for certiorari was brought to review the action of a justice of the superior court whereby the defendant to a civil action pending in that court was ordered to produce a specified document for examination by the plaintiff pursuant to the provisions of G. L. 1956, §9-19-23.  The writ issued, and pursuant thereto the pertinent records in the case have been certified to this court.

The records disclose that there is now pending in the superior court for the county of Washington an action of trespass on the case for negligence, Edith M. Legare v. Frank Urso, Law No. 3406, the defendant therein being the petitioner here.  For convenience we will hereinafter refer to the parties as plaintiff and defendant.  It appears from the records that after the filing of the declaration defendant entered a plea of the general issue and a special plea of release.  The plaintiff thereupon filed a replication to the special plea of release, alleging that she ought not to be barred from maintaining her action because the "supposed writing of release was obtained from her by fraud, deceit, misrepresentation and undue influence."

On October 24, 1962 plaintiff petitioned the court under §9-19-23 that defendant be ordered to produce the release for her examination.  She therein under oath alleged that defendant had in his possession a writing in the nature of a release that had been signed by her on or about March 12, 1958 and that she is entitled to examine such writing and prayed the court that she be permitted either to copy it or be furnished with a copy.

It appears from the record that the trial justice set the matter down to be heard on November 13, 1962, at which time defendant presented the court with an affidavit and an objection in writing to being ordered to produce the release.  The affidavit was that of counsel for defendant who

therein stated, among other matters, that he was aware of such a release, but it was not in the possession of defendant nor of his counsel; that it was without materiality to the issues in the case; that plaintiff was not entitled to examine the release; and that the petition for production was improper in form. After a consideration of the petition and affidavit and some discussion thereof with counsel for each of the parties, the court ordered defendant to make a photocopy of the release and deliver it to plaintiff.

The defendant now contends that the trial justice erred in ordering the production of the release for examination by plaintiff because the averments of the petition do not set out adequate grounds therefor. This is to argue, as we understand it, that compliance with the statute requires that the petition contain averments sufficient to establish the entitlement of a petitioner to an examination of the document in question and that the averments of the petition for the release are insufficient to meet the statutory requirement. It appears that defendant so argues on the basis of language used by this court in *General Products Co.* v. *Superior Court,* 81 R. I. 458. In that case this court held, in substance, that compliance with the provisions of this statute requires that a petitioner describe with particularity the document sought and specify the reasons why the production thereof is necessary to enable him to make an effective presentation of his case at a trial on the merits thereof.

Section 9-19-23 provides in pertinent part that when one party to a pending action is in possession or control of some document which the opposite party is entitled to examine and that party prays for its production, the justice of the court to whom such application is made may order the opposite party "to make answer on oath at or before a time to be fixed in said order, as to what document he or it so has relating to the matter in dispute between the parties, or what he knows as to the custody of such document, and,

if in his or its possession or control, whether he or it objects to the production of the same and the grounds of such objection; and thereupon such justice, after hearing such petition, answer, and evidence, shall decide whether or not said document shall be produced, and order, or decline to order, its production * * *."

The statute was enacted to provide a discovery procedure that would constitute an effective and efficient substitute for the bill of discovery. *General Products Co.* v. *Superior Court, supra.* It is intended to further the simple and convenient administration of justice, and for that reason it should be given a liberal application to accomplish that purpose. *Thrift* v. *Thrift,* 30 R. I. 357. Examining the statute in that light, we conclude that a petition satisfies the requirement of particularity when it contains averments that are sufficient to inform the court of the existence of the document sought and the nature thereof. This provision of the statute was intended to be exclusory only as to petitions designed to search the records of the other party for evidence, that is to say, to preclude the "fishing excursion," so called. *Broadway Furniture Co.* v. *Superior Court,* R. I., 123 Atl. 566. We are of the opinion that the instant petition sufficiently describes the release and therefore complies with the statutory requirements.

Compliance with the statute requires also that the averments establish the entitlement of the petitioner to an examination of the document sought. There has been such compliance when the averments establish that an examination of the document is reasonably necessary in order to enable the petitioner to fully prosecute or defend his case. We so interpreted this provision of the statute in *Arnold* v. *Pawtuxet Valley Water Co.,* 18 R. I. 189, 193, and said with reference to the burden of the petitioner: "* * * it is enough for him to show that he is justly entitled thereto by way of evidence, in the preparation and trial of his case, and

that such evidence is necessary to enable him fully to prosecute or defend the same. It is not necessary, however, to aver or show that, without the discovery sought, the plaintiff will be unable to prove his case." We are of the opinion that such entitlement has been established by a petitioner where the averments show that there is a particular document in the possession of the other party that would be relevant and material to the proof of the issues reasonably to be raised in the pertinent case.

It is our opinion that defendant seeks to place a heavier burden upon plaintiff than the statute contemplates. Its purpose is to make appropriate documents in the possession of one party to an action available for examination by the other party thereto. The entitlement of a petitioner to such examination will be established where he identifies a particular document for production that reasonably would have probative force on the issues raised in the litigation. When this is done it is our view that the statute casts upon the other party the burden of disclosing the availability of the document and, if he objects to its production, his reason therefor stated under oath. We are of the opinion that plaintiff in the instant case has in her petition for the release sufficiently identified the document which she seeks to examine and has shown the necessity of such an examination for an adequate preparation and conduct of her case. The averments of the answer of defendant, in our opinion, did not preclude the finding by the trial justice that the document is available for production and that an examination thereof is necessary to the preparation and prosecution of plaintiff's case.

The defendant urges also that it was error to grant the petition because no evidence had been presented to the court relating thereto. It is to be conceded that the statute requires that a decision in these cases be made after a hearing on the petition, answer, and evidence. The defendant

has directed our attention to *A & Z Chain Co.* v. *Superior Court,* 72 R. I. 425, 426, wherein we held that a trial court erred in granting such a petition "without the taking of any testimony and without any agreement or stipulation, written or oral, between the parties as to facts that might be considered by the court as evidence." We cannot agree that the language we thus used in that case means that the statutory requirement as to a hearing can be satisfied only by the formal production of evidence either by way of oral testimony or an agreed statement of facts. To the contrary, it is our opinion that in a case where a sworn petition and a sworn answer are filed that contain averments that are evidentiary in character, the statutory provision relating to the production of evidence is satisfied, and this method of trial by deposition is entirely consistent with the equitable nature of discovery procedures.

[6] We take the view that in the instant case the petition and answer contain averments which are probative of the entitlement of plaintiff to an examination of the document and of the nature of defendant's objections to such production. This, in our opinion, constitutes legal evidence, and in such circumstance we follow our well-settled rule that in certiorari we seek only to ascertain whether the record contains legal evidence and, if we so find, we do not weigh the evidence. *General Products Co.* v. *Superior Court,* 81 R. I. 458, 463.

There remains defendant's contention that in the state of the pleadings an examination of the release by plaintiff is not necessary to enable her to prepare and prosecute her case. This argument, as we understand it, is that plaintiff, by her replication having admitted the execution and delivery of the release pleaded by defendant, has limited the issues for trial, those going to the question of fraud in the procurement of the release. That being the only issue relating to the release, defendant urges that an exami-

nation thereof is not essential to a prosecution of plaintiff's case. In support of this contention defendant cites *Coro Federal Credit Union* v. *Correia*, 95 R. I. 134, 185 A.2d 106. We are unable to perceive that our decision in that case. has any relevance to the issues raised by the petition for the release.

In that case this court was confronted with a question as to the extent to which a responsive pleading admits matter set out either in express terms or by clear implication in a prior pleading. The circumstances were such as to preclude a direct answer to the question so presented. We held that where a responsive pleading has framed a precise issue upon which the parties go to trial, the pleader who framed that issue will not be heard to complain after decision against him that it was error on the part of the trial justice not to require proof during the trial of a matter he now contends was not admitted in the responsive pleading. In short, the pleader, having induced the court and the adverse party to go to trial on an issue that posits the matter presumed to have been admitted by the responsive pleading, may not thereafter repudiate such admission.

The situation which results from the plaintiff's replication in the instant case is clearly distinguishable. There is no question but that the responsive pleading here admits the execution and delivery of the release and frames as an issue for trial the good faith of the defendant in the procurement of that release, but in our opinion it does not follow that the release is thereby rendered devoid of any evidentiary potentialities on the issue of fraud and that an examination thereof is not necessary to the effective preparation and prosecution of the plaintiff's case. In our opinion there is no merit in this contention of the defendant.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the superior court.

*Louis B. Cappuccio,* for respondent Edith M. Legare.

*Gunning & LaFazia, Bruce M. Selya, Raymond A. La-Fazia, Edward L. Gnys, Jr.,* for petitioner Frank Urso.