213 A.2d 808.
CARL MORETTA *vs.* ALICE N. MORETTA *et al.*
CARL MORETTA *vs.* ALICE N. MORETTA *et al.*

OCTOBER 27, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

222

ROBERTS, J. These are two petitions for certiorari. In one, M. P. No. 1715, the petitioner seeks to review the superior court's issuance of an order for the production of documents under G. L. 1956, §9-19-23. In the other, M. P. No. 1723, the petitioner seeks a determination by this court as to the jurisdiction of the family court over the property of the parties in an action for divorce. In compliance with the writ in each case, the pertinent records have been certified to this court.

It appears therefrom that Carl Moretta, hereinafter referred to as the husband, instituted a suit in equity in the superior court against his wife, Alice N. Moretta, hereinafter referred to as the wife, seeking to set aside a conveyance of certain properties made by her to the Industrial National Bank as trustee of two separate trusts. Thereafter, the wife instituted a suit in equity in the same court against the husband, charging a wrongful transfer to himself of certain securities that had been held in their joint names and praying for certain injunctive relief and an accounting. It is with respect to these suits in equity that the wife filed her petition for the production of documents under the statute.

Section 9-19-23 substitutes for the equitable bill of discovery a statutory procedure intended to make discovery more effective which, for that reason, should be applied liberally by the courts. *Legare* v. *Urso,* 96 R. I. 283, 191 A.2d 277. In that case we held that the petition for relief under the statute contained evidence sufficient to inform the court of the identity of the document sought and of the petitioner's entitlement to an examination thereof. A showing of entitlement consists of establishing by a sufficient showing that it is reasonably necessary for the petitioner to examine the document in order to be properly prepared for the prosecution or defense of the pertinent litigation. The statutory procedure, however, is not without limitation on its use. In *Legare* v. *Urso, supra,* we adhered

to the view that the statute may not be invoked for the purpose of culling through an adversary's records in search of evidence, of making inquiry into matters not relevant to issues raised in the litigation, or of harassing or annoying an adversary. In short, the view that the statute is to be given a liberal application must yield at all times to the legislative intent that reasonable ground for such an examination be established as a condition precedent to an order for production of documents thereunder.

The statute expressly provides that a justice of the superior court "after hearing such petition, answer, and evidence, shall decide whether or not said document shall be produced, and order, or decline to order, its production * * *." The legislative direction for such fact determinations is more than a mere formality. In *Legare* v. *Urso, supra,* we construed it as requiring a determination of such entitlement on the basis of allegations sufficient to establish relevancy and materiality. We did hold that in an appropriate cause this may be done by the allegations set out in a sworn petition and that the statute does not require that the burden of proof be met in every way by the production of testimonial evidence.

Were we to concede that the petition for the production of documents is a sworn statement of the petitioning wife, it would not, in our opinion, be sufficient to establish her entitlement to an examination of the documents specified therein. The petition in *Legare* v. *Urso, supra,* was evaluated as to its probative force in circumstances that differ substantially from those in the instant case. The litigation there consisted of an action at law for negligence, in which the defendant had pleaded the general issue and specially pleaded a release. The plaintiff replied to the special plea with a replication alleging that the release had been obtained by fraud. The petition in that case sought the production of only the alleged release. In the circumstances

we held that the allegations contained in the sworn petition satisfied the burden of proof in that they informed the court of facts establishing the petitioner's entitlement to an examination thereof even though no testimonial evidence thereon had been produced.

Here the allegations of the wife's petition are insufficient to disclose the relevancy of the documents sought to the issues raised in the equity causes which constitute the litigation. She seeks examination of a substantial number of instruments which relate to the financial transactions and business operations of the parties over an extended period of time. Yet the only allegations contained in her petition relating to the necessity for an examination are a bare assertion that the documents are, in toto, relevant thereto and that it is not possible for petitioning wife to prepare properly for trial without examining such documents. These allegations, the conclusory nature of which is obvious, are not supported by factual allegations tending to prove the relevancy of the documents to the pertinent litigation. Absent allegations of that character, whether set out in the petition or adduced orally, we are constrained to conclude that the petitioning wife has not met the burden of proof as to entitlement contemplated by the statute. See *Arnold* v. *Pawtuxet Valley Water Co.*, 18 R. I. 189, 193.

A significant failure to allege facts establishing the necessity for the disclosure arises out of those provisions of the order directing a production of certain income tax returns that are not alleged to be their joint returns. There is a respectable line of authority which holds that the compelled disclosure of income tax returns is contrary to sound public policy and that, absent a clear showing of a need to invade the privacy of the taxpayer in the interest of justice, such disclosure should not be ordered. See *Ullmann* v. *Hartford Fire Ins. Co.*, 87 N. J. Super. 409. There is in the petition for the production of documents no allegation

which even remotely tends to establish that justice requires that the public policy thus referred to be set aside by an order of production.

Because we are persuaded that the petitioning wife here failed to meet the burden imposed by the statute relative to establishing by either written or oral testimony the necessity for examination of the documents ordered produced, we are of the opinion that the superior court erred in issuing the order. This is not to conclude that she could not establish the necessity of an examination of some of such documents on the basis of legally competent evidence adduced at a hearing as contemplated in the statute. We, therefore, hold that the petition for certiorari in M. P. No. 1715 should be granted and that the order directing the production of documents should be quashed without prejudice to the wife's right to invoke again the statute and seek the relief provided therein pursuant to a petition and a hearing held thereon in compliance with this opinion.

Nor do we hold that on review by certiorari an order for the production of documents may not in appropriate circumstances be sustained in part, that is, sustained as to particular documents therein ordered produced for examination. Such partial sustaining of the order would be had where the finding of relevancy and necessity, upon which that portion of the order rests, is supported by some competent evidence in the record, whether it be adduced by way of sworn deposition or oral testimony. In so doing, however, we will not abandon the long-standing policy of this court that on review by certiorari we will not exercise the fact-finding function. It is clear that the instant record, however, is barren of any evidence that would tend to support the implied findings of the trial justice that any of the documents here are relevant and necessary, and, therefore, no question arises as to the propriety of quashing the order in its entirety.

The record discloses that the husband has also instituted in the family court an action seeking an absolute divorce from the wife. It further discloses that in that proceeding the husband has petitioned the family court to hear and determine the question of his entitlement to certain properties now in the custody and possession of the wife and to order such properties to be conveyed to him. In M. P. No. 1723 he contends that an issue is raised as to the extent of the jurisdiction of the family court to hear and determine issues involving property rights of litigants before it, particularly with respect to the effect on that jurisdiction of our decision in *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140. However, after closely scrutinizing the record, it does not appear that the family court has made any decision or issued any order pursuant to the motion of the husband in question and, that being so, we are constrained to conclude that no action of the family court is before us for review by way of certiorari and that the writ issued improvidently and must be quashed.

In M. P. No. 1715 the petition for certiorari is granted, the order for the production of documents is quashed without prejudice, and the records certified from the superior court are ordered returned to that court with our decision endorsed thereon.

In M. P. No. 1723 the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed as improvidently issued, and the records certified from the family court are ordered returned to that court with our decision endorsed thereon.

*John Quattrocchi, Jr.,* for petitioner.

*Letts & Quinn, Jerome B. Spunt,* for respondents.