214 A.2d 381.

McGRAW-EDISON COMPANY *vs.* IRVING FRIEDENN.

NOVEMBER 15, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

ROBERTS, J. This petition for certiorari was brought to review a ruling of the superior court ordering the petitioner here, as the defendant in an action of assumpsit pending in that court, to produce for examination by the plaintiff in that action a number of documents designated in a petition to compel the production of documents pursuant to G. L. 1956, §9-19-23.

We have examined the petition to compel production and the allegations contained therein relating to the relevancy and materiality of said documents to the issues raised in the assumpsit action, and we note also that testimonial evidence was not adduced on the question of relevancy of the documents to such issues. From this examination we conclude that the allegations set out in the petition to compel production are insufficient to establish that relevancy or materiality under the requirements therefor set out in our opinion in *Moretta* v. *Moretta*, 100 R. I. 220, 213 A.2d 808.

In that opinion we held that the allegations contained in the petition as to relevancy and materiality were of a conclusory nature and were not supported by any factual allegations probative of the relevancy and materiality necessary to warrant the trial justice in the granting thereof. We are of the opinion that in the instant case, as in *Moretta* v. *Moretta, supra,* the allegations as to relevancy and materiality are conclusory also and that no adequate allegations of fact in support thereof are contained in the petition to compel the production of documents. It is, therefore, our opinion that the order should be quashed without prejudice to the right of the plaintiff in the assumpsit action pending in the superior court again to invoke the statute and seek the relief therein provided pursuant to a petition filed in compliance with the requirements therefor stated in *Moretta* v. *Moretta, supra.*

The petition for certiorari is granted, the order requiring the production of documents is quashed without prejudice, and the records certified to this court from the superior court are ordered returned to that court with our decision endorsed thereon.

*Higgins & Slattery, William C. Dorgan,* for petitioner.

*Winograd, Winograd & Marcus, Irving Winograd,* for respondent.