Ronald J. DeBIASIO

v.

**GERVAIS ELECTRONICS CORPORATION.**

**No. 80–283–M.P.**

Supreme Court of Rhode Island.

May 10, 1983.

James J. McGair, Providence, for plaintiff.

Albert D. Saunders, East Greenwich, for defendant.

OPINION

MURRAY, Justice.

This matter is before us on a petition for certiorari to review an order of the Superior Court granting the plaintiff's motion to compel production of the defendant's income tax return. We granted the petition

and issued the writ on September 15, 1980. In response thereto, papers relevant to this matter have been certified to this court.

The plaintiff, Ronald DeBiasio, was employed by defendant, Gervais Electronics Corporation, for a period beginning in 1973 and ending in 1978. During his employ for defendant, plaintiff was paid bonuses at various times. The plaintiff contends that he is entitled to additional compensation for bonuses pursuant to an oral employment contract, the alleged terms of which include an annual salary plus an annual bonus based upon 20 percent of defendant's net profits. Specifically, plaintiff claims that defendant owes him a bonus payment for 1977 and a prorated bonus payment for 1978, the year he terminated his employment.

During the discovery process, plaintiff requested that defendant produce copies of its income tax returns for the years 1973 through 1978. The defendant objected to the request, at which time plaintiff moved to compel production of the income tax returns. The motion was granted by the trial justice, and an order was entered requiring defendant to produce the requested returns.

We granted certiorari solely to consider the issue of the Superior Court's power to order production of defendant's tax return in light of G.L.1956 (1969 Reenactment) § 8–6–2, as amended by P.L.1975, ch. 222, § 1 which reads:

"Rules of practice and procedure.—The supreme court, the superior court, the family court and the district court, by a majority of their members, shall have the power to make rules for regulating practice, procedure and business therein. The rules of the superior, family and district court shall be subject to the approval of the supreme court. Such rules, when effective, shall supersede any statutory regulation in conflict therewith.

"In prescribing such rules the said court shall have regard to the simplification of the system of pleading, practice and procedure in the courts in which such rules shall apply, in order to promote the speedy determination of litigation on the merits; provided, however, that each respective court shall not in said rules of procedure require a party to a civil action to produce either by discovery, motion to produce or interrogatory an income tax return, W–2 statement, or copies thereof. The rules presently in effect in the courts of the judicial system shall remain and continue in force and effect until revised, amended, repealed, or superseded by rules adopted in accordance with this section."

■ Our first task today is to construe the above statute and to effectuate its intent, provided it is lawful and within the competence of the Legislature. *Vaudreuil v. Nelson Engineering and Construction Co.*, 121 R.I. 418, 420, 399 A.2d 1220, 1222 (1979). The defendant requests in its brief that we interpret the statute literally and find its intent to be a "clear declaration that income tax returns are not discoverable." After a literal reading of the statute, we find no such declaration to exist.

The statute, we believe, speaks to the power of courts to promulgate rules of practice and procedure. Section 8–6–2 specifically provides that "each respective court shall not *in said rules of procedure* require a party to a civil action to produce either by discovery, motion to produce or interrogatory an income tax return, W–2 statement, or copies thereof." (Emphasis added.) Because of this provision, no court can promulgate a rule of practice which requires a party to produce income tax returns.

The statute's existence ensures that a trial justice will always have to consider the request carefully and to base his decision on a showing of need by the requesting party. In essence, it makes certain that a trial justice will never be able to rely casually on a potential court rule that mandates the production of income tax returns whenever requested. This court has found such automatic and compelled disclosure to be against sound public policy. *Moretta v. Moretta*, 100 R.I. 220, 213 A.2d 808 (1965).

We do not believe, however, that the statute speaks to the individual judge who, in an appropriate factual context, decides that justice would best be served by requiring a party to produce his income tax returns.[1] Ordinarily, pursuant to Rule 26 and Rule 34 of the Superior Court Rules of Civil Procedure, a party seeking discovery might request the production of documents without seeking prior judicial approval and would only seek the aid of the court in a motion to compel such production. However, in order to obtain production of income tax returns in the light of policies declared by the General Assembly, a party could not utilize the ordinary rules of civil procedure but would need a specific order of the court to obtain such production. Thus, the party would rely not upon a general right to such production but upon a specific evaluation by the court of the need for production in a particular case.

■ Our decision concerning the inapplicability of § 8–6–2 does not automatically validate the trial justice's decision to grant the motion to compel. We still must consider the propriety of his action in ordering production of income tax returns in this case.

In *Moretta v. Moretta*, 100 R.I. 220, 213 A.2d 808 (1965),[2] we stated that a party requesting production of income tax returns must allege facts that evince a clear showing of need to invade the privacy of the taxpayer.[3] In the present case plaintiff alleges that defendant owes him bonuses for the years 1977 and 1978. These bonuses are alleged to be based on a percentage of defendant's net profits for those years. Were plaintiff denied the opportunity to inspect defendant's income tax returns for 1977 and 1978, he would not be able to assess correctly what his bonuses should have been for those years, assuming he is entitled to them. In fact, plaintiff could conceivably be entitled to no bonus money if defendant realized zero net profits for the years in question. We are of the opinion that such factors demonstrate a clear showing of need on the part of plaintiff. Accordingly, we decide that the trial justice did not err in granting plaintiff's motion to compel production of defendant's income tax returns.

In order to prevent a "fishing expedition" and to protect the privacy interests of the defendant, we find that the defendant should be compelled to produce only those portions of its income tax returns needed to calculate net profits.

For the stated reasons, the petition for certiorari is denied and dismissed, the writ previously issued is quashed, the order for the production of documents is affirmed, and the records certified from the Superior Court are ordered returned for further proceedings consistent with our decision today.

KELLEHER, WEISBERGER, MURRAY and SHEA, JJ., concur.

BEVILACQUA, Chief Justice, dissenting.

After applying the general rules of statutory construction, I cannot agree with the majority's interpretation of G.L.1956 (1969 Reenactment) § 8–6–2, as amended by P.L. 1975, ch. 222, § 1. In construing statutes, this court must determine the Legislature's intent whenever it is within legislative competence. *Great American Nursing Centers, Inc., v. Norberg*, R.I., 439 A.2d 249, 252 (1981). In ascertaining the Legislature's intent, we look to the language of the statute. Where the language is unambiguous

1. In light of the inapplicability of G.L.1956 (1969 Reenactment) § 8–6–2, as amended by P.L.1975, ch. 222, § 1, to the present facts, we do not address the constitutional argument set forth by plaintiff.

2. *Moretta v. Moretta*, 100 R.I. 220, 213 A.2d 808 (1965), involved a motion to produce income tax returns predicated on the then existing G.L.1956, § 9–19–23, precursor to our existing Superior Court Rule 34(a).

3. The requirement of a clear showing of need is in addition to the requirements of relevance and materiality set forth in *Moretta* and reiterated in *Novogroski v. O'Brien*, 106 R.I. 490, 261 A.2d 283 (1970) and *McGraw-Edison Co. v. Friedenn*, 100 R.I. 267, 214 A.2d 381 (1965).

and expresses a plain and sensible meaning, we will presume that meaning to be the one intended by the Legislature. *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. 937, 392 A.2d 371 (1978).

Section 8–6–2 bars the courts from making a rule requiring disclosure by "discovery, motion to produce or interrogatory an income tax return, W–2 statement, or copies thereof." This court cannot change a clear legislative directive by judicial decision. Therefore, the majority's reliance on *Moretta v. Moretta,* 100 R.I. 220, 213 A.2d 808 (1965) is misplaced. Section 8–6–2 was enacted after the *Moretta* decision and takes individual determinations regarding the pretrial production of income tax returns out of the hands of the trial justice. This statute does not, however, prevent a trial justice from requiring the production of such documents during trial under the subpoena power.

For the reasons given, I respectfully dissent in the result reached by the majority, and, accordingly, I would grant the petition for certiorari and quash the order for the production of documents.