Charles J. COFONE et al.

v.

The WESTERLY HOSPITAL et al.

No. 83–508–M.P.

Supreme Court of Rhode Island.

Feb. 6, 1986.

Dennis J. McCarten, Hanson, Curran & Parks, Providence, for defendants.

Stephen H. Burke, Hinckley, Allen, Tobin & Silverstein, Providence, amicus curiae, for Hospital Assoc. of R.I.

John H. Reid, 3rd, Edwards & Angell, Providence, amicus curiae, for R.I. Medical Society.

Edward J. Mulligan, Pawtucket, for plaintiffs.

Mark Mandell, Susan M. Carlin, Mandell, Goodman, Famiglietti & Schwartz, Ltd., Providence, amicus curiae.

OPINION

MURRAY, Justice.

This case is before us on a petition for certiorari to review an order by the trial justice directing the defendant, Westerly Hospital, to produce all the records in its possession regarding the plaintiff, Charles J. Cofone.[1]

The chronology of events preceding the above order commenced in April of 1978 when plaintiff was readmitted to defendant hospital after developing a postsurgical staphylococcus infection. On April 16, 1980, plaintiff and his wife, Gilda R. Cofone, filed a complaint in Washington County Superior Court against Westerly Hospital and several unknown defendants.[2] Following lengthy discovery, plaintiffs served a request for production of documents upon defendant on August 12, 1983. Shortly thereafter, defendant filed an objection specifically declining to pro-

---

1. The following parties submitted amicus curiae briefs which we considered in rendering this opinion:
   a) The Hospital Association of Rhode Island.
   b) The Rhode Island Medical Society.
   c) Attorneys Mark Mandell and Susan M. Carlin.

2. The complaint alleges three separate charges: count 1—negligence; count 2—breach of express and implied warranty on the part of the hospital; and count 3—loss of consortium.

duce the following documents described in paragraphs 1 and 2 of the request:

"1. The complete hospital and/or medical records of Nora H. Spens, M.D. relating in any way to the plaintiff, Charles J. Cofone.

"2. The complete records, notes, charges and written records of the Medical Staff Infection Control Committee pertaining to the plaintiff, Charles J. Cofone."[3]

The defendant contends that the above-described documents are immune from discovery and inadmissible into evidence pursuant to G.L.1956 (1985 Reenactment) § 23–17–25. In response to this objection, plaintiff filed a motion to compel the production of the documents in question. On September 19, 1983, a hearing on the motion to compel production was called before the trial judge, who overruled defendant's objection and ordered the hospital to produce the requested documents.[4] As a result, defendant petitioned this court requesting an issuance of a writ of certiorari to have the order reviewed. On November 17, 1983, the court granted plaintiffs' request but directed the Superior Court to conduct a hearing and to make findings of fact and conclusions of law on the issue of whether the Medical Staff Infection Control Committee of Westerly Hospital is a "peer review board" within the meaning of G.L. 1956 (1976 Reenactment) § 5–37.1–1(j), as amended by P.L.1978, ch. 149, § 1.

Pursuant to this order, a hearing was conducted on May 17, 1985 before the trial judge, who determined that the Infection Control Committee of Westerly Hospital is a "peer review board" as defined in § 5–37.1–1(j).

The only issue before this court is whether the documents that defendant has been ordered to produce are within the protective purview of § 23–17–25. The plaintiffs do not contest the trial justice's ruling that the Infection Control Committee of Westerly Hospital is a "peer review board" under § 5–37.1–1(j).[5]

The pertinent statutory language which is at issue in this case is encompassed within § 23–17–25(a):

"Neither the proceedings nor the records of peer review boards as defined in § 5–37.1–1(j) shall be subject to discovery or be admissible in evidence in any case save litigation arising out of the imposition of sanctions upon a physician. Nothing contained herein shall apply to records made in the regular course of business by a hospital or other provider of health care information. Documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil proceedings merely because they were presented during the proceedings of such committee."

Although the statute explicitly applies to the case at bar, the trial justice, relying on

---

**3.** According to defendant's response to plaintiffs' interrogatories, Dr. Spens was head of the Infection Control Committee at Westerly Hospital in 1978. The interrogatories also indicate that Dr. Spens was in charge of the laboratory tests conducted to diagnose Mr. Cofone's infection.

**4.** The order of September 17, 1985 also required defendant to produce the documents described in paragraph 3 of plaintiffs' request for production:

"3. Any and all medical and hospital records of the Westerly Hospital, including x-rays, or copies thereof, hospital charts, nurses' and physicians' notes, committee(s) notes, outpatient and emergency room notes and/or records, doctors' and nurses' admitting notes,

laboratory data, special treatment reports, consultants' reports, and any ancillary parts of the medical charts and/or records pertaining to said Charles J. Cofone, for the year [*sic*] of 1978, 1979, 1980 and 1981."

This portion of the order appears to be inconsistent with the transcript of the hearing of September 19, 1983, in which plaintiffs' counsel informs the trial justice that defendant recently had complied with paragraph 3 of plaintiffs' request for production.

**5.** The plaintiffs did not challenge this finding in their brief or at oral argument. Moreover, plaintiffs' counsel conceded during the May 17, 1985 hearing that defendant's Infection Control Committee is a peer-review board.

this court's decision in *DeBiasio v. Gervais Electronics Corp.*, —— R.I. ——, 459 A.2d 941 (1983), ordered defendant to produce the documents in issue.

In *DeBiasio* this court ruled that G.L. 1956 (1969 Reenactment) § 8–6–2, as amended by P.L.1975, ch. 222, § 1, which prevents Rhode Island courts from mandating within their respective rules of procedure that a party to a civil action be required to produce income tax returns or W–2 statements, was inapplicable to a trial judge's order compelling the defendant employer to produce tax returns. The basis for this decision is that § 8–6–2 does not expressly prohibit a party from seeking a court order to obtain the production of these particular documents. Instead, the statute prohibits Rhode Island courts from promulgating a requirement within their procedural rules that would enable a party to secure, via self-help discovery, the production of tax returns.

In contrast, § 23–17–25 unequivocally states that the records and proceedings of a hospital's peer-review board are not discoverable or admissible in any civil case, except in an action involving the imposition of sanctions upon a physician. Consequently, even if a party moves to compel production of the documents protected by § 23–17–25, the court is statutorily prohibited from granting such an order.

The plaintiffs cite two cases to support their argument that the nondiscoverable nature of medical records has been narrowed to permit discovery in specific instances. In *In re Grand Jury Investigation*, —— R.I. ——, 441 A.2d 525 (1982), the court ruled the physician-patient privilege of the Confidentiality of Health Care Information Act to be inapplicable during an investigation of alleged Medicaid fraud in which pertinent federal law requires disclosure. As a result, the grand jury was entitled to obtain medical records of certain patients of two private physicians. In *In re Board of Medical Review Investigation*, —— R.I. ——, 463 A.2d 1373 (1983), the court held that the same physician-patient privi-

lege cannot be invoked by a doctor who is under investigation for alleged unprofessional conduct by the State Board of Medical Review. Neither case, however, involves an interpretation of § 23–17–25, and therefore, they cannot be regarded as controlling precedent in the case at bar.

The plaintiffs further contend that defendant can utilize § 23–17–25 as a shield against discovery and liability by simply providing its Infection Control Committee with the medical records of plaintiff. This contention, nevertheless, is unsubstantiated because the statute explicitly dictates that only the records and the proceedings which originate with the peer-review board are immune from discovery and inadmissible. Furthermore, § 23–17–25 indicates that a hospital's business records along with documents originating from sources other than a peer-review board are not protected from discovery or inadmissible simply because they were utilized by defendant's Infection Control Committee during its proceedings.

In light of the foregoing reasoning and statutory interpretation, we hold that since the Infection Control Committee of Westerly Hospital is a peer-review board within the meaning of § 5–37.1–1(j), its proceedings and records of said proceedings are immune from discovery and inadmissible into evidence under § 23–17–25.

Accordingly, the trial judge's order of September 17, 1985 is modified to prohibit the production of all records and proceedings before the Medical Staff Infection Control Committee of Westerly Hospital. This modification, however, does not apply to records prepared in the ordinary course of business or available from sources other than the Infection Control Committee, irrespective of whether those documents were presented during the proceedings of that peer-review board. The case is remanded to the Superior Court for further proceedings.

BEVILACQUA, C.J., did not participate.