[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is Joseph A. Keough's and Joanne Keough's motion to amend their complaint pursuant to Sup. Ct. R. Civ. P. 15. Also before the Court is plaintiffs Keoughs' motion to compel production pursuant to Sup. Ct. R. Civ. P. 37.
On June 4, 1993 the plaintiffs filed the instant action. Through their complaint the Keoughs allege that defendant Pawtucket Postal Employees Credit Union ("P.P.E.C.U.") has breached its contract with them. Also alleged are violations of federal and state banking laws, specifically those laws known as the "Truth In Lending Act." 15 U.S.C. § 1601, et seq. G.L. 1956 (1985 Reenactment) § 6-27-1 et seq. All of these charges concern loans made by P.P.E.C.U. to the plaintiffs.
One of the loans made on July 7, 1986 was allegedly a variable rate note secured by a mortgage on plaintiffs' property. This first loan was actually a refinancing of a prior promissory note and mortgage entered into by the same parties. The plaintiffs contend that their refinanced mortgage was to be reviewed on the second Tuesday of June and December of each year for the life of the mortgage. Further, it is alleged that the interest rate would never be in excess of 1.5% over the prime rate on the review date.
The second note at issue involves a $60,000.00 loan. This note, made on September 30, 1986, is alleged to be adjustable in nature and subject to the same review dates and confines as the July 7, 1986 note and mortgage. The plaintiffs claim that the terms of both notes stem from an April 9, 1986 loan offer made by P.P.E.C.U.
The essence of the plaintiffs' complaint is their allegation that, in contravention of the aforementioned notes and agreements, P.P.E.C.U. has failed to adjust each note's interest rate as scheduled. The Keoughs argue that due to P.P.E.C.U.'s failure to act in accordance with the agreements, the plaintiffs have been charged additional interest and incurred unnecessary expenses.
Rule 15 provides that leave to amend a complaint "shall be freely given." Nonetheless, the final decision whether to allow or to deny an amendment rests within the sound discretion of the trial justice. Mainella v. Staff Builders, 608 A.2d 1141 (R.I. 1992) (citations omitted). Implicit in Rule 15 is the requirement that the amendments may only be those matters which could have otherwise been properly included in the original complaint. The basic issue here is whether the additional parties set forth in the amended complaint could properly have participated in the original complaint. Defendant P.P.E.C.U. claims that these parties do not satisfy the necessary requirements for joinder.
Rule 20, which controls permissive joinder of parties, establishes the following requirements;
 (1) The parties' right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences; and
 (2) There must be a question of law or fact common to the parties to be joined and those already in the action.
The same transaction or occurrence requirement is flexibly applied. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S. Ct. 367, 70 L.Ed. 750 (1926); Wright-Miller-Kane, FederalPractice And Procedure § 1653 at 383 (1986). Whether or not the claims arise out of the same transaction depends not so much on the chronology or proximity of the events, rather, it is their logical relationship that matters most. Moore at 610, 46 S.Ct. 371.
To satisfy the commonality of fact or law requirement, all the parties must share one or more litigation interest. Friedenthal, Kane, and Miller, Civil Procedure § 6.4 at 331 (1985).
The plaintiffs propose to add four additional parties to this action. Each new party would be a plaintiff. According to the amended complaint and Counsel's oral argument, each of the additional parties has given a variable rate mortgage to the defendant. Further, all of these mortgages are alleged to be scheduled for review on the second Tuesday of June and December each year for the life of the mortgage. The purpose of this review is to refigure and apply the variable rate formula so that each mortgage's note would be financed as had been contracted for. The plaintiffs aver that the defendant has not abided by the aforementioned contract and schedule.
This Court finds that the right to relief advanced by the additional parties does arise from the same transaction or series thereof. Moreover, each plaintiff's claim for relief does bear a logical relationship to the claims set forth in the original complaint.
Concerning the second requirement of Rule 20, the Court is mindful that not all questions of fact or law need be shared by all parties. 1 Kent Rhode Island Practice § 20.1 at 181 (1969). In the current case, the common issues are basic and appear to be the ones most vigorously contested. These issues regard the alleged existence of adjustable rate loans, whether an agreement controlling interest and principal payments exists, and if so whether that agreement has been violated. No doubt numerous separate issues exist. However, based on the pleadings and arguments thus far, it appears as though the most contentious issues are common among the plaintiffs.
Based on the foregoing, the Court finds that the requirements of R.C.P. 20 are satisfied. In making this decision, the Court notes that should circumstances or justice warrant, R.C.P. 20(b) may be invoked in order to sever parties whose claims should be decided in a separate trial.
P.P.E.C.U. has also raised the statute of limitations in its objection to plaintiffs' motion to amend. Defendant contends that the one year statute of limitations begins to run at the signing of the truth in lending documents. For purposes of the one year statute of limitations, each statement sent to the plaintiff which failed to contain information required by the truth in lending act constitutes a continuing violation. Schmidth v.Citibank (South Dakota) N.A. (CBSD), 645 F. Supp. 214, 216 (D. Conn. 1986) concerning open-end credit agreements). This is because each periodic statement constitutes an independent "invitation" to accept the defendant's extension of credit. Id.
at 216. Rather than advance the Truth in Lending Act's remedial purpose, the defendant's theory would allow financial institutions to act with impunity once a year has passed from the signing of the truth in lending documents. Additionally, the Act is subject to equitable tolling so that the one year will commence when the debtor either discovers or has reasonable opportunity to discover the fraud involving the violation of the Act. Jones v. Trans. Ohio Sav. Ass'n, 747 F.2d 1037 (C.A. Ohio 1984).
Based on the foregoing, the Court finds that the additional parties could have otherwise been joined in the original complaint. Consequently, the plaintiffs' motion to amend their complaint is granted.
Plaintiffs' Motion to Compel Production
Plaintiffs have sought to compel the production of documents which were requested in plaintiffs' first request for production. The parties have resolved all but two requests contained in plaintiffs' motions to compel. The first request (request 1) concerns the names and addresses of all parties who obtained a variable rate mortgage from the defendant between March 24, 1984 and the present time. The second request (request 8) is for the production of copies of all reports of examinations of the defendant P.P.E.C.U. made by Rhode Island Share and Deposit Indemnity Corporation, the State Banking Commission, the National Credit Union Administration or any other examining authority between March 24, 1984 and the present.
Generally, discovery is intended to be free-flowing and broad. In fact, the discovery rules require a liberal interpretation. Kent, Rhode Island Practice, § 26.1 at 212 (1969). However, the Superior Court Rules, specifically R.C.P. 26(b), do provide limitations on the scope of discovery.
The defendant maintains that its objection to request number 1 should be sustained. This argument is based largely upon what the defendant views as the privacy interest of each person whose name and address would be forwarded to plaintiff. To the extent of what the plaintiffs seek, i.e. "[only] the names and address," the Court finds the defendant's argument to be without merit.
Defendant's reliance on Moretta v. Moretta is misplaced.213 A.2d 808 (R.I. 1965). In Moretta, the production of income tax records would have forced the party to reveal in depth and otherwise confidential financial information. Id. at 810. Here, the plaintiffs are seeking names and addresses of a particular class of mortgagees. This information sought from a non-privileged third party does not enjoy the same expectation of privacy which Moretta concerned. 213 A.2d 808; see U.S. v.Miller, 425 U.S. 435, 965 S.Ct. 1619, 48 L.Ed.2d 71 (1976) where the Court held, "We must examine the nature of the particular documents sought to be protected in order to determine whether there is a legitimate `expectation of privacy' concerning their contents."
Additionally, the names and addresses of individuals who obtained variable rate mortgages are available for all to see at the various city and town clerk's offices throughout the state. The expectation of privacy the defendant asserts does not change the fact that the information requested has already been knowingly exposed to the public. Therefore, Rhode Island's right to privacy act does not extend to those records. Doe v.Sherman, 593 A.2d 457 (R.I. 1991).
P.P.E.C.U. has also urged that plaintiffs' request one be denied in that production of the names and addresses could lead to counsel's solicitation of clients. The Court will not at this time deny plaintiffs' request on this ground. However, appropriate consideration must be afforded Disciplinary Rule 2-104(a)(5) as set forth by our Supreme Court. See Orders of theCourt, 109 R.I. 901, 992 (1972).
Since no right to privacy or privilege presently exists prohibiting the production of documents set forth in plaintiffs' request number one, and the Court is satisfied that this request is reasonably calculated to lend to the discovery of admissible evidence, plaintiffs' motion to compel production with regard to request number one is granted as to all individuals whose loans were approved on or after March 24, 1984.
Next, P.P.E.C.U. has objected to plaintiffs' request for all reports compiled by examining authorities between March 29, 1984 and the present.
The defendant's objection is based upon the alleged expiration of the statute of limitations. As previously set forth, this Court finds that the statute had not expired; therefore, the plaintiffs' motion to compel production relative to request number eight is granted.
Counsel shall prepare an order in accordance with the Court's ruling.