■ ROSEMARY GILLIGAN, Respondent, v. DOMINIC LEPONE et al., Appellants.— Appeal by defendants, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated July 29, 1968, as, on reargument, denied their original motion for discovery and inspection of plaintiff's Federal income tax returns for the years 1964, 1965 and 1966. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and motion granted. If plaintiff filed such tax returns for the years in question, she is herewith directed within 10 days after entry of the order hereon to furnish to defendants' attorney a true copy of each such return or, if she does not have such copies, an appropriate authorization to the United States Internal Revenue Service to transmit to defendants' attorney a certified copy of each such return, defendants to pay the expenses involved in procuring the certified copies. If plaintiff has not filed such tax returns for said years, she is herewith directed within the same 10-day period to furnish to defendants' attorney an affidavit stating such fact. In a negligence action where a self-employed plaintiff claims loss of earnings as a result of the accident, a defendant is entitled to discovery and inspection of the plaintiff's income tax returns (*Katz* v. *Memoli*, 28 A D 2d 1128; *Neuberger* v. *Vega*, 30 A D 2d 779; *Coleman* v. *Myers*, 29 A D 2d 727). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of VIVIAN DEAN, Respondent, v. ALTON C. YOUNG, Appellant.— Order of filiation of the Family Court, Westchester County, dated October 16, 1967, reversed, on the law and in the interests of justice, without costs, and new trial granted. The findings of fact in the court below are affirmed. Section 531 of the Family Court Act provides that at a trial of a paternity proceeding "the respondent shall not be compelled to testify." It is the duty of the Trial Judge in such a proceeding to advise the respondent of this statute if the respondent is appearing without counsel. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of LENORE LYONS, Respondent, v. ANDREW J. LYONS, Appellant.— Appeal from an order of the Family Court, Nassau County, entered June 26, 1968, which *inter alia* directed appellant to make support payments. Order modified, on the law, by striking out the second ordering paragraph, which sentenced appellant to a jail term, with execution conditionally suspended. As so modified, order affirmed, without costs. The findings of fact below are affirmed. In our opinion, it was improper to order appellant's summary commitment in the event of his default under the support order (Family Ct. Act, § 454). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.