■ Robert A. Cavallaro, Also Known as Robert A. Recupero, an Infant, by His Mother Dolores J. Recupero, et al., Respondents, v. S. Merrill Skeist, Appellant.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for loss of services and medical expenses incurred by his mother, defendant appeals from an order of the Supreme Court, Queens County, dated September 25, 1972, which denied his motion (1) to vacate plaintiffs' statement of readiness, (2) to direct plaintiffs to disclose the names and addresses of witnesses and (3) for discovery and inspection of (a) copies of the infant plaintiff's income tax returns from 1962 through 1966 and (b) the business books and records maintained by plaintiff Dolores G. Recupero with regard to the income earned by the infant plaintiff for the years 1962 through 1966. Order affirmed, with $20 costs and disbursements. No opinion. Hopkins, Acting P. J., Munder and Brennan, JJ., concur; Martuscello and Gulotta, JJ., dissent and vote to reverse the order and grant the motion, with the following memorandum: While defendant's motion to vacate the statement of readiness was concededly several days late, it is our opinion that it should, nonetheless, have been granted. The tardiness was adequately explained. The managing attorney in defense counsel's law firm suffered a heart attack and died during the time between service of the state-

ment of readiness and the motion to vacate it. " Generally, the rule governing readiness certificates should be strictly enforced (*Price* v. *Brody*, 7 A D 2d 204). However, rigid adherence to technical rules of procedure may not be permitted to interfere with the interests of substantial justice " (*McGuire* v. *Pick*, 8 A D 2d 800). As to the second branch of the motion, the names and addresses of persons who were not eyewitnesses to the actual fall but who appeared on the scene immediately following the occurrence, while the infant plaintiff was still on the ground, should be discoverable. Defendant's negligence allegedly arose from his having placed garbage cans on the walk and from the manner in which he removed and redistributed the snow and ice from the walk. There is no difference in principle between witnesses who can give direct testimony on relevant facts bearing on the circumstances surrounding an accident and witnesses who saw the actual event take place. A witness is nonetheless an eyewitness even though he can testify only to the static conditions of an accident as distinct from the moving facts. We have already approved the latter in *Zellman* v. *Metropolitan Transp. Auth.* (40 A D 2d 248), although that case was primarily concerned with the fruits of a post-accident investigation. Since the loss of the infant plaintiff's income is an element of the damages in this case, it may not be disputed that his income tax returns are highly relevant and therefore are discoverable (*Gilligan* v. *Lepone*, 31 A D 2d 630). So, too, the business records relating to his income should be produced. In view of the foregoing, i.e., the merit of defendant's underlying contentions and his need for the items sought to be discovered in order to properly defend the action, we are of the opinion that the motion should have been granted *in toto*.