■ NATE NAPOLI et al., Plaintiffs, v SHINER REALTY CORP. et al., Defendants, and TEDDY PINDUS et al., Appellants. MANNY COHEN, Respondent.—In an action to foreclose a mortgage on real property, the appeal is from an order of the Supreme Court, Kings County, dated November 8, 1974, which, after a hearing, *inter alia,* adjudged appellants in contempt of an order of the same court, dated October 3, 1974, which, *inter alia,* appointed a Receiver. Order reversed, without costs, and action remanded to Special Term for the taking of further testimony and the making of a new determination. At the conclusion of plaintiffs' evidence, appellants moved to dismiss the contempt petition. Their motion was denied. Thereupon, they sought to call their witnesses, but the trial court refused to hear them; it adjudged appellants in contempt of the prior order without the benefit of further testimony. Appellants were thereby precluded from presenting proof that their actions were not in violation of the order appointing the Receiver. Since resolution of that question was central to the contempt adjudication, the matter must be remanded for the taking of appellants' proof. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.

■ SORIANE ORTIZ, as Administratrix of the Estate of TITO ORTIZ, Deceased, et al., Respondents, v MARY IMMACULATE HOSPITAL et al., Defendants, and GABRIEL F. DEANGELIS et al., Appellants.—In a medical malpractice action, defendants DeAngelis and London appeal from an order of the Supreme Court, Kings County, dated November 7, 1974, which denied their motion for discovery and inspection of the Federal and State income tax returns of plaintiff's intestate for the years 1969 through 1971, inclusive. Order reversed, with $20 costs and disbursements, and motion granted. Plaintiff is herewith directed to furnish appellants' attorneys, within 20 days after entry of the order to be made hereon, with a true copy of each of the tax returns in question, for discovery and inspection, except that as to any of such returns for which she does not have a copy, she shall furnish instead an appropriate authorization to the Internal Revenue Service or the State Tax Department to transmit to appellants' attorneys a certified copy of such return; but appellants shall pay the expenses involved in procuring the certified copies. Where a self-employed plaintiff claims loss of earnings due to the defendant's negligence, the defendant is entitled to discovery and inspection of the plaintiff's income tax returns *(Gilligan v Lepone,* 31 AD2d 630). Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JEFFERSON COLLINS, Appellant.—Judgment of the Supreme Court, Queens County, rendered March 23, 1973, affirmed (see *People v Crimmins,* 36 NY2d 230). Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.