OPINION OF THE COURT
David T. Gibbons, J.
Motion by the defendant for an order vacating the plaintiffs’ statement of readiness, dated May 7, 1979, and striking the within action from the trial calendar is determined as follows.
In connection with this action, which was instituted to recover damages for personal injuries, the defendant, on March 13, 1979, served a notice for discovery and inspection upon the attorney for the plaintiffs in which the income tax returns of the plaintiff, Herbert Rashkind, for the years 1974-1978 were sought to be disclosed.
In response to said notice the plaintiffs’ attorney, on or about March 21, 1979, furnished the defendant’s attorney with *118 an Internal Revenue Form, No. 2848-D, described as an "Authorization and Declaration” which had been signed and dated by the plaintiff, Dr. Herbert E. Rashkind. It was not, however, acknowledged before a notary public.
By notice of rejection, dated April 2, 1979, the defendant rejected "the Authorization for Tax Information on the grounds that the information requested were the income tax returns of the plaintiff, Herbert rashkind for the years 1974-1978, not an authorization.”
Where a self-employed plaintiff claims a loss of earnings as a result of the defendant’s negligent acts, the latter is entitled to discovery and inspection of the plaintiff’s income tax returns (Gilligan v Lepone, 31 AD2d 630; Ortiz v Mary Immaculate Hosp., 48 AD2d 704).
In Ortiz v Mary Immaculate Hosp. (supra, p 704), the rule concerning the disclosure of tax returns, under such circumstances, is stated as follows: "Plaintiff is herewith directed to furnish appellants’ attorneys, within 20 days after entry of the order to be made hereon, with a true copy of each of the tax returns in question, for discovery and inspection, except that as to any of such returns for which she does not have a copy, she shall furnish instead an appropriate authorization to the Internal Revenue Service or the State Tax Department to transmit to appellants’ attorneys a certified copy of such return; but appellants shall pay the expenses involved in procuring the certified copies.” (See, also, Elmer v Byrd, 32 Misc 2d 408, affd 16 AD2d 744.)
The procedure for the procurement of income tax returns is provided for in subdivision (c) of section 6103 of title 26 of the United States Code, as follows: "Disclosure of returns and return information to designee of taxpayer. — The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a written request for or consent to such disclosure, or to any other person at the taxpayer’s request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration.”
An inspection of the form of authorization proffered by the *119 plaintiff reveals that it is not adequate. It is a form which is utilized to authorize the disclosure of certain documents to an agent or representative of the taxpayer, such as his attorney or accountants, and not, as here, to one involved in an adversary legal proceeding with the taxpayer.
Accordingly, the motion is denied upon condition that the plaintiff shall, within 10 days after service of a copy of this order with notice of entry upon the attorney for the plaintiffs, furnish the attorney for the defendant with a duly executed authorization to the United States Internal Revenue Service in accordance with subdivision (c) of section 6103 of title 26 of the United States Code requesting it to transmit certified copies of the particular income tax returns, described in the aforesaid notice of discovery and inspection herein, to the attorney for the defendant. The defendant shall pay the expenses involved in obtaining the certified copies of the same.