■ JULES V. LANE, Respondent, v ALBERT D'ANGELOS, as President of Local 875, International Brotherhood of Teamsters, Defendant, and ALBERT D'ANGELOS et al., as Trustees of the

Louis Hirsch Memorial Welfare Fund, Local 875, International Brotherhood of Teamsters, Appellants. — In an action to recover damages for an alleged breach of an employment contract, defendant trustees of the Louis Hirsch Memorial Welfare Fund, Local 875, International Brotherhood of Teamsters, appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated February 15, 1984, which granted plaintiff's motion to strike a demand for income tax returns from a subpoena duces tecum issued on behalf of the appellants and returnable at trial, and which denied appellants' motion to amend their answer to assert the affirmative defense of the Statute of Limitations and two counterclaims.

Order modified by adding thereto a provision granting plaintiff's motion to the extent of limiting the Federal and State income tax returns, together with all annexed schedules thereto, to be produced pursuant to appellants' subpoena duces tecum to the returns and schedules for the years 1975 through 1977, directing that the production of said income tax returns be supervised either by the Justice presiding at the trial, or by a referee whose expenses shall be borne equally by the parties, who may redact therefrom all matter which is unrelated to plaintiff's claim for lost profits arising from an alleged breach of contract by appellants, and denying plaintiff's motion in all other respects. As so modified, order affirmed, with costs to plaintiff, and matter remitted to the Supreme Court, Queens County, for an immediate trial.

While disclosure of income tax returns is generally not required without showing good reason (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10), we have held that in a negligence action where a self-employed plaintiff claims loss of earnings as a result of an accident, a defendant is entitled to the discovery and inspection of the plaintiff's income tax returns (*Gilligan v Lepone,* 31 AD2d 630; *Ortiz v Mary Immaculate Hosp.,* 48 AD2d 704).

During the period for which plaintiff claims loss of earnings, plaintiff represented many union funds in addition to the one administered by the appellants at bar, maintained a dental practice for private patients, and was, in effect, self-employed. Examination of plaintiff's income tax returns may be the only method by which defendants can defend against plaintiff's claim of lost earnings.

This action was commenced by service of process in the fall of 1977. An answer dated December 23, 1977 was interposed on behalf of all defendants, and included an affirmative defense of the Statute of Limitations and two counterclaims. Plaintiff

moved to amend the complaint by increasing the ad damnum clause. The motion was granted without opposition and an amended complaint was served on May 14, 1981. On May 26, 1981 an amended answer was served on behalf of the appellants in response to the amended complaint, but it failed to include the affirmative defense and counterclaims contained in the original answer. Similarly, the amended answer served by the defendant president of Local 875 of the International Brotherhood of Teamsters on June 10, 1981, in response to the amended complaint, also failed to include the affirmative defense and counterclaims.

A second motion to amend the complaint by increasing the claim for damages was granted without opposition. The second amended complaint was served on May 6, 1982. The second amended answer on behalf of the appellants again omitted the affirmative defense and counterclaims. The second amended answer on behalf of the defendant president of the union local also omitted the affirmative defense and counterclaims.

The case appeared on the Trial Calendar on October 31, 1983. At the request of the appellants, the case was adjourned three times, with the result that it was marked "Final" on the calendar of February 14, 1984.

By order to show cause dated February 7, 1984, only one week prior to the adjourned date of the trial, appellants moved to amend their answer to include the affirmative defense and counterclaims pleaded in the original answer of December 1977. Special Term denied the motion as untimely. We agree that the motion should be denied as untimely and to avoid prejudice to plaintiff.

As of the date of appellants' motion, the case had been pending for over six years, and the trial had been adjourned three times at appellants' request. The omission of the affirmative defense of the Statute of Limitations and counterclaims from both amended answers by the attorneys for the appellants and the attorney for the defendant president of the union local, coupled with the failure to question plaintiff at all at his deposition with regard to the counterclaims, demonstrates that the appellants abandoned their affirmative defense and the counterclaims. This abandonment, the delay in moving to amend, and the additional discovery which would be needed if appellants were permitted to revive their affirmative defense and counterclaims at this juncture would unduly prejudice plaintiff (*Fulford v Baker Perkins*, 100 AD2d 861; *Shanahan v Shanahan*, 92 AD2d 566; *James-Smith v Rottenberg*, 32 AD2d 792; *but cf. Edenwald Contr. Co. v City of New York*, 60 NY2d 957; *Murray v City of*

*New York,* 43 NY2d 400, *mot for rearg dismissed* 45 NY2d 966; *Wyso v City of New York,* 91 AD2d 661).

Moreover, appellants failed to provide any affidavit of merit in support of their motion. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.