■ GERHARDUS J. A. SCHOLTE et al., Appellants, v AGWAY, INC., et al., Respondents.—Order unanimously affirmed with costs. Memorandum: Plaintiffs' complaint alleges, *inter alia,* that in 1984 defendants negligently applied chemicals to their corn fields and caused damages to plaintiffs' crops. On October 29, 1987, defendants Agway procured an order compelling disclosure of plaintiffs' Federal income tax returns for 1984,

1985 and 1986. Plaintiffs failed to perfect an appeal from that order and the appeal was deemed abandoned and dismissed (see, 22 NYCRR 1000.3 [b] [2] [i]). Plaintiffs did not comply with the disclosure order and defendants Agway moved to dismiss the complaint. On averment by plaintiffs' counsel that plaintiffs were awaiting a decision on their motion to vacate the abandonment and dismissal of the appeal, the court withheld decision on defendants' dismissal motion. Plaintiffs' counsel swore that "plaintiffs * * * stand ready to produce said income tax returns" and that "if the Appellate Division finds that these records must be turned over, the income tax returns for those years will be immediately turned over to defendants' attorneys".

On November 15, 1988 we denied plaintiffs' motion to vacate the abandonment and dismissal of their appeal and thereafter the parties again appeared at Supreme Court for further proceedings on defendants' motion to dismiss the complaint. No additional papers were filed and no record was made, but it appears from the order appealed from that plaintiffs' counsel "admitted * * * that he cannot produce the income tax returns". That order further recites that plaintiffs are: "directed to execute and provide to defendants' counsel * * * a consent and authorization permitting a search to be conducted of the files of the Internal Revenue Service to determine whether income tax returns had been filed with that agency for the years 1984, 1985 and 1986 by either of the plaintiffs and, if same are located, to permit retrieval of copies of said returns."

Plaintiffs appeal, and we affirm. Plaintiffs' conduct in this matter has been less than candid. Prior to the entry of the order the Supreme Court had twice been informed by affidavit of plaintiffs' counsel that the tax returns could be made available to defendants. The court was subsequently told, albeit not under oath, that counsel could not produce the tax returns. In this setting of mixed signals from the plaintiffs, the order framed by the court was a proper exercise of discretion and should not be disturbed.

Although plaintiffs now seek to contest the initial order compelling production of the tax returns, that issue is not properly before us and, in any event, it is without merit. In a negligence action, where a self-employed plaintiff seeks money damages for loss of earnings, a defendant is entitled to discovery of plaintiff's tax returns (see, Lane v D'Angelos, 108 AD2d 727; Niagara Falls Urban Renewal Agency v Friedman, 55 AD2d 830; Krauss v Putterman, 50 AD2d 599; Ortiz v Mary

*Immaculate Hosp.,* 48 AD2d 704; *Cavallaro v Skeist,* 42 AD2d 565; *Gilligan v Lepone,* 31 AD2d 630).

Other issues raised by plaintiffs were not presented at Supreme Court and may not, on this record, be reviewed for the first time on appeal. (Appeal from order of Supreme Court, Cayuga County, Contiguglia, J.—discovery.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.