■ HUNTINGTON TOBACCO COMPANY, INC. MONEY PENSION AND PROFIT SHARING FUND, Appellant, v ALLAN FROMER, Respondent. [598 NYS2d 63] —In an action to recover rent arrears in which the defendant counterclaimed to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 6, 1991, which denied its motion on the counterclaim to direct the defendant to provide releases to the Internal Revenue Service for his tax returns for the years 1987, 1988, and 1989.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the defendant is directed to provide the plaintiff with releases to the Internal Revenue Service for his tax returns for the years 1987, 1988, and 1989 within 30 days of the service upon him of a copy of this decision and order with notice of entry.

While disclosure of income tax returns is generally not required without showing good reason (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10), in a negligence action where, as here, a self-employed party asserts a counterclaim for loss of profits as a result of an accident, the party whose negligence is alleged is entitled to the discovery and inspection of the counterclaimant's income tax returns (see, *Lane v D'Angelos*, 108 AD2d 727). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.