■ Harold E. Myrie, Respondent, v Marie Shelley, Appellant. [655 NYS2d 66] —In an action, *inter alia,* to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered May 23, 1996, as granted the plaintiff's motion to quash the defendant's subpoenas duces tecum.

Ordered that the order is modified by deleting the provision thereof granting the motion to quash the subpoena duces tecum dated March 19, 1996, in its entirety and substituting therefor a provision granting the motion to quash to the extent that the subpoena seeks copies of the plaintiff's 1099, W-2, and W-4 income tax forms, "financial statements, all banking records to include account statements, cancelled checks, business books, and state sales tax records, from the year 1990 to present", and copies of the plaintiff's tax returns for all years except 1991, 1992, and 1993, and otherwise denying the motion and directing that the custodians of the remaining records sought by the subpoena dated March 19, 1996, produce them to the Supreme Court, Nassau County, for an in camera inspection by the court; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of the records produced pursuant to the subpoena duces tecum dated March 19, 1996, and a determination as to which parts thereof, if any, shall be produced to the defendant.

The purpose of a subpoena duces tecum is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (*Matter of New York State Dept. of Labor v Robinson,* 87 AD2d 877, 878; *see also, Matter of Terry D.,* 81 NY2d 1042, 1044). "An application to quash a subpoena should be granted '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious' * * * or where the information sought is 'utterly irrelevant to any proper inquiry' " (*Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331-332, quoting *Matter of Edge Ho Holding Corp.,* 256 NY 374, 382, and *Matter of La Belle Creole Intl. v Attorney-General of State of N. Y.,* 10 NY2d 192, 196; *see, Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642).

Here the court improperly granted the plaintiff's motion to quash the defendant's subpoena duces tecum dated March 19, 1996, insofar as the defendant sought the production of copies of the plaintiff's Federal, State, and local income tax returns and schedules for the years 1991, 1992, and 1993. Because the plaintiff, who is self-employed, is claiming loss of earnings as a result of the instant accident, which allegedly occurred on September 23, 1992, the defendant is entitled to the production of his tax returns for the years 1991, 1992, and 1993 (*see, Lane v D'Angelos,* 108 AD2d 727, 728; *Huntington Tobacco Co., Inc. Money Pension & Profit Sharing Fund v Fromer,* 193 AD2d 718). However, the other documents requested are not relevant

to the issue of the plaintiff's claim of lost earnings, and the subpoena was overly broad insofar as it requested tax returns for the years 1990, 1994, 1995, and 1996. To that extent we limit the plaintiff's production of his tax returns and schedules for the years 1991, 1992, and 1993 (see, Lane v D'Angelos, supra).

Additionally, the court improperly granted the plaintiff's motion insofar as it sought to quash the subpoena duces tecum dated March 14, 1996, which sought the production of records concerning an earlier personal injury action brought by the plaintiff. The injuries which the plaintiff allegedly suffered as a result of the underlying accident are similar to those which he allegedly sustained in a prior unrelated automobile accident in February 1990. The documents and records relating to the personal injury action which the plaintiff brought in connection with that prior accident are relevant and material to facts at issue in the instant case, and accordingly, the plaintiff must produce those records. However, we direct that they be provided first to the Supreme Court for an in camera inspection, and a determination as to which records if any, or any parts thereof shall be produced to the defendant, as well as the circumstances of production (see, Ayubo v Eastman Kodak Co., supra, at 642). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.