■ JARNAIL SINGH, Appellant, v GURBHAG SINGH et al., Respondents. [857 NYS2d 707]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 24, 2007, which, among other things, in effect, granted the defendants' cross motion to compel him to comply with outstanding discovery demands to the extent of directing him to execute authorizations allowing the defendants to obtain copies of certain tax returns and to execute certain medical authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d et seq.).

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in directing the plaintiff to execute authorizations allowing the defendants to obtain tax returns filed by the plaintiff and his company. While tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable and cannot be obtained from other sources, the defendants were entitled to such discovery here because the plaintiff's deposition testimony demonstrated that he is self-employed, and he is claiming damages for earnings lost as a result of the alleged assault and battery at issue in this case (*see Myrie v Shelley*, 237 AD2d 337 [1997]; *Huntington Tobacco Co., Inc. Money Pension & Profit Sharing Fund v Fromer*, 193 AD2d 718 [1993]; *Lane v D'Angelos*, 108 AD2d 727, 728 [1985]).

The Supreme Court also properly directed the plaintiff to execute medical authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*), inter alia, permitting medical professionals who treated him to discuss the medical condition at issue in this litigation with defense counsel. The plaintiff waived any privilege he might have to this information when he brought suit (*see Arons v Jutkowitz*, 9 NY3d 393, 415-416 [2007]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.