Buttar v Elite Limousine Plus, Inc. (2023 NY Slip Op 01355)

Buttar v Elite Limousine Plus, Inc.

2023 NY Slip Op 01355

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 651088/19 Appeal No. 17528 Case No. 2022-04175 

[*1]Shahid Buttar et al., Plaintiffs-Respondents,
v
Elite Limousine Plus, Inc., et al., Defendants-Appellants. First Corporate Sedans, Inc., et al., Defendants.

Tuch & Cohen LLP, Westbury (Laurence I. Cohen of counsel), for appellants.
Slarskey LLC, New York (Evan Fried of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Crane, J.), entered June 16, 2022, which denied defendants Elite Limousine Plus, Inc. and Shafquat Chaudhary's (collectively Elite defendants) motion to vacate or modify the court's prior order denying discovery of plaintiffs' collateral sources of income, unanimously affirmed, with costs.
The motion court providently denied the Elite defendants' motion to vacate or modify an order denying discovery of tax documents associated with plaintiffs' collateral employment (see Yong F. Ke v 85 Fourth Ave., Inc., 2009 WL 1058627, *4, 2009 US Dist LEXIS 33250, *15 [SD NY, Apr. 20, 2009, No. 07 Civ 6897(BSJ)(JCF)]; see also Matter of Monaco, 117 AD3d 1593, 1594 [4th Dept 2014], appeal dismissed 24 NY3d 943 [2014]). Plaintiffs, livery cab drivers, do not make a general claim of lost earnings and therefore did not put their entire incomes at issue (see Picart v New York City Tr. Auth., 226 AD2d 165, 165-166 [1st Dept 1996]; Ortiz v Mary Immaculate Hosp., 48 AD2d 704, 704 [2d Dept 1975]). Instead, plaintiffs claim that the Elite defendants violated the terms of their franchise agreements by manipulating their software to dispatch and favor drivers who were connected to defendant Chaudhary, Elite's president. Accordingly, information concerning whether plaintiffs accepted employment from other companies is irrelevant to the Elite defendants' defense against plaintiffs' claims. Furthermore, the Elite defendants can defend against plaintiffs' claims using already disclosed income tax returns, 1099s generated by Elite and defendant First Corporate Sedans, Inc., and data from Elite's own software that tracked driver log-in and log-out times, assignments, and job wait times.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023