Hersko v Hersko (2024 NY Slip Op 00894)

Hersko v Hersko

2024 NY Slip Op 00894

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-08741
2022-09085
 (Index No. 520492/21)

[*1]Isaac Hersko, etc., respondent, 
v
Barry Hersko, etc., et al., appellants, et al., defendant.

Blank Rome LLP, New York, NY (Craig M. Flanders, Harris N. Cogan, and David M. Jacobson of counsel), for appellants.
Abrams Fensterman, LLP, White Plains, NY (Anthony J. Genovesi, Lisa Colosi Florio, and Aaron Zucker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief and to impose a constructive trust upon certain real property, the defendants Barry Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, appeal from two orders of the Supreme Court, Kings County (Karen B. Rothenberg, J.), both dated October 7, 2022. The first order, insofar as appealed from, in effect, denied those branches of those defendants' motion, made jointly with the defendant Bella Hersko, which were for a protective order and to quash certain subpoenas served by the plaintiff insofar as they sought the federal and state tax returns of the defendants Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, for the years 2016 through 2021. The second order, insofar as appealed from, denied that branch of those defendants' motion which was denominated as one pursuant to CPLR 5015(a) to vacate so much of an order of the same court dated April 21, 2022, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, and that branch of the plaintiff's separate motion which was for leave to enter a default judgment against the defendant Barry Hersko, but was treated as one for leave to renew those defendants' opposition to those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of them.
ORDERED that the orders dated October 7, 2022, are affirmed insofar as appealed from, with one bill of costs.
The facts underlying this appeal are summarized in the related appeals decided herewith (Hersko v Hersko, _____ AD3d _____ [Appellate Division Docket Nos. 2022-02436, 2022-04090]). As relevant here, in April 2022, the plaintiff served subpoenas on various nonparties, seeking, inter alia, the federal and state tax returns of the defendants Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, [*2]Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC (hereinafter collectively the corporate defendants), and supporting documentation related to certain real properties. The defendants Barry and Bella Hersko and the corporate defendants (hereinafter collectively the defendants) moved for a protective order and to quash the subpoenas. In an order dated October 7, 2022, the Supreme Court, among other things, in effect, denied those branches of the defendants' motion which were for a protective order and to quash the subpoenas insofar as they sought the corporate defendants' federal and state tax returns for the years 2016 through 2021. In May 2022, the defendant Barry Hersko and the corporate defendants (hereinafter collectively the Hersko defendants) moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of an order dated April 21, 2022, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the corporate defendants and that branch of the plaintiff's separate motion which was for leave to enter a default judgment against the defendant Barry Hersko. In a separate order dated October 7, 2022, the court, among other things, denied that branch of the Hersko defendants' motion which was denominated as one pursuant to CPLR 5015(a) to vacate so much of the April 21, 2022 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the corporate defendants and that branch of the plaintiff's separate motion which was for leave to enter a default judgment against the defendant Barry Hersko, but was treated as one for leave to renew the Hersko defendants' opposition to those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of them.
"Generally, the standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is utterly irrelevant to any proper inquiry" (Matter of County of Suffolk v Kennedy, 211 AD3d 937, 939 [internal quotation marks omitted]). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 614-615, quoting Matter of Kapon v Koch, 23 NY3d 32, 34). "Due to the confidential and private nature of tax returns, [t]ax returns generally are not discoverable in the absence of a strong showing that the information is indispensable to a claim or defense and cannot be obtained from other sources" (Nill v Gaco W., LLC, 203 AD3d 1173, 1174-1175 [citation and internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in, in effect, denying those branches of the defendants' motion which were for a protective order and to quash certain subpoenas served by the plaintiff insofar as they sought the corporate defendants' federal and state tax returns for the years 2016 through 2021, as these records were relevant and indispensable to the plaintiff's prosecution of his claims (see Levine v City Med. Assoc., P.C., 108 AD3d 746, 747; see also Singh v Singh, 51 AD3d 770, 771).
Contrary to the Hersko defendants' contention, the Supreme Court properly treated that branch of their motion which was pursuant to CPLR 5015(a) as one for leave to renew their opposition to those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of them. Since the Hersko defendants opposed those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of them on the merits, the order granting those branches of the motions was appealable and the Hersko defendants' motion pursuant to CPLR 5015(a)(1) to vacate that portion of that order was procedurally improper (see Hinds v 33rd St. Astoria, Inc., 197 AD3d 697; Cole-Hatchard v Eggers, 132 AD3d 718, 719; see also Hon. Mark C. Dillon, 2023 Supp Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5015:6). Moreover, upon treating that branch of the Hersko defendants' motion as one for leave to renew their opposition to those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of them, the court properly denied that branch of the motion. The defendants did not offer a reasonable justification for failing to present the alleged new facts on the prior motion and, moreover, did not demonstrate that the proffered new facts would have changed the prior determination (see Nunez v Yonkers Racing Corp., 218 AD3d 480, 482; Dash Windows of L.I., Inc. v Bivona, 216 AD3d 917, 917; Seegopaul v MTA Bus Co., 210 AD3d 715, 716).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court