Zakkiyya C. v Verma (2025 NY Slip Op 07137)

Zakkiyya C. v Verma

2025 NY Slip Op 07137

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

795 CA 24-01653

[*1]ZAKKIYYA C., PLAINTIFF-APPELLANT, ET AL., PLAINTIFF,
v
KAPIL VERMA AND VAASTU ENERGY LLC, DEFENDANTS-RESPONDENTS.

ZAKKIYYA C., PLAINTIFF-APPELLANT PRO SE. 
FOTI HENRY PLLC, BUFFALO (ANNA MARI REALE SANDERSON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered September 9, 2024, in an action for damages caused by exposure to mold. The order, among other things, granted the motion of defendants to compel disclosure. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Zakkiyya C. (plaintiff) commenced this action seeking damages for injuries allegedly caused by defendants' failure to remediate mold in an apartment. Plaintiff appeals from an order that, inter alia, granted defendants' motion insofar as it sought an order directing plaintiff to provide executed authorizations for, inter alia, certain medical records, tax returns, social security disability records, and Medicaid records, and denied plaintiff's motion for a protective order. We affirm.
Plaintiff's contention that defendants' disclosure demands were not properly served is raised for the first time on appeal and, thus, is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
With respect to the contentions as they relate to the authorizations concerning plaintiff's records, we note that CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action," which is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). " 'Absent an abuse of discretion, we will not disturb the [trial] court's control of the discovery process' " (Marable v Hughes, 38 AD3d 1344, 1345 [4th Dept 2007]).
"A plaintiff who commences a personal injury action has waived the physician-patient privilege to the extent that [their] physical or mental condition is affirmatively placed in controversy" (Carter v Fantauzzo, 256 AD2d 1189, 1190 [4th Dept 1998]). Inasmuch as plaintiff alleges that she sustained extensive physical and mental injuries and limitations as a result of defendants' tortious conduct, we conclude that Supreme Court did not "abuse[ ] its discretion in ordering plaintiff to execute the broad authorizations sought by defendant" (Almalahi v NFT Metro Sys., Inc., 175 AD3d 1043, 1045 [4th Dept 2019]).
"While tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable and cannot be obtained from other sources," such a showing may be made where a plaintiff is "self-employed, and . . . claiming damages for earnings lost as a [*2]result of the alleged [tortious conduct]" (Singh v Singh, 51 AD3d 770, 771 [2d Dept 2008]; see Scholte v Agway, Inc., 152 AD2d 928, 929-930 [4th Dept 1989]). Inasmuch as plaintiff alleges that she "has suffered significant future wage losses as a result of the damages incurred in her small business" because of defendants' tortious conduct, we conclude that the court did not abuse its discretion in ordering her to produce authorizations for the requested tax records.
Social Security Disability (SSD) records are discoverable where a plaintiff who had been receiving disability benefits asserts "broad allegations of injury . . . [that] could have resulted from . . . [the alleged tortious conduct], [a] preexisting . . . condition or some combination thereof" (Boyea v Benz, 96 AD3d 1558, 1560 [4th Dept 2012]). Inasmuch as plaintiff was receiving SSD benefits and alleges that she sustained extensive permanent physical and mental injuries, loss of enjoyment of life, and loss of career as a result of defendants' tortious conduct, we conclude that the court did not abuse its discretion in ordering her to produce authorizations for her SSD records.
SSD records are also discoverable where they have been identified by a plaintiff as collateral sources of payment, as are Medicaid records (see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 38 [2d Dept 2008], lv denied 11 NY3d 705 [2008]; see generally CPLR 4545; Riley v Rupp, 233 AD3d 1313, 1314 [3d Dept 2024]). Inasmuch as plaintiff alleges that she received both SSD and Medicaid payments following defendants' tortious conduct, we conclude that the court did not abuse its discretion in ordering her to produce authorizations for her relevant SSD and Medicaid records. We have reviewed plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court